TEXAS & P. RY. CO. v. TOMLINSON et al. (No. 7985.)

(Court of Civil Appeals of Texas. Ft. Worth. May 23, 1914. Rehearing Denied June 20, 1914.)

1. PLEADING (§ 412*)—SPECIAL MATTERS OF DEFENSE—FAILURE TO ANSWER—WAIVER.

Plaintiff's failure to answer special matter of defense, as required by Rev. St. 1911, art. 1829, as amended by Acts 33d Leg. c. 127, § 3, with the result, as there provided, that any fact so pleaded, and not denied by plaintiff, shall be taken as confessed was waived, where, without objection, there was a trial as though there were a denial, and defendant did not request an instruction that such allegations be taken as confessed, but requested instructions. submitting the matters thereby alleged as controverted issues for the jury.

[Ed. Note.—For other cases, see Pleading,. Cent. Dig. §§ 1387–1394; Dec. Dig. § 412.*]

2. APPEAL AND ERROR (§ 263*)—NECESSITY OF BILL OF EXCEPTIONS—RULINGS ON INSTRUCTIONS.

In the absence of a bill of exceptions, rulings in giving, refusing, or qualifying instructions are to be regarded as approved, and an assignment of error, based thereon, is without merit; Rev. St. 1911, art. 2061, as amended by Acts 33d Leg. c. 59, § 3, providing such rulings shall be regarded as approved "unless excepted to as provided in the foregoing articles," and the foregoing articles of the chapter containing such article relating solely to bills of exceptions and the necessary requisites thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

Appeal from Stephens County Court; N. N. Rosenquest, Judge.

Action by J. E. Tomlinson and others. against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Earl Conner, of Eastland, for appellant. Alexander, Power & Ridgway, of Ft. Worth, for appellees.

DUNKLIN, J. J. E. Tomlinson, S. B. Louder, and M. W. Lane instituted this suit against the Texas & Pacific Railway Company, the Texas & New Orleans Railway Company, and the Ft. Worth Belt Railway Company to recover damages for injuries sustained by a shipment of 395 head of cattle from Athens to Cisco. A judgment was rendered against the Texas & Pacific Railway Company for the sum of $800, from which it has appealed, judgment being rendered in favor of the other two defendants.

[1] The damages claimed were for alleged negligent rough handling and delay. By special answer appellant alleged that if plaintiff's cattle were injured, such injuries were the proximate result of their own weak and feeble condition; that plaintiff held the cattle

---

in pens at Athens prior to the shipment from 24 to 40 hours on a feed of dry hay only; that the weaker cattle were loaded into cars with the stronger ones; that the stronger ones trampled and injured them; that the injuries were the result of the conditions above named, and as a result of the negligent failure of the plaintiff to attend to the same during transportation as he had contracted to do. This special plea was duly verified. No special denial was filed by plaintiffs to this special plea, and by appellant's first two assignments of error the contention is made that, as plaintiff failed to specially deny the facts so alleged, those facts should have been taken as confessed, and that the judgment rendered was erroneous, in that it was contrary to the facts so alleged. Act of the Regular Session of the Thirty-Third Legislature of 1913, page 256, amending article 1829 of the Revised Statutes of 1911, reads:

"If any special matter of defense shall be pleaded by the defendant, the plaintiff shall be required to answer to each paragraph, either admitting or denying the same, or denying that he has any knowledge or information thereof sufficient to form a belief. And any fact so pleaded by the defense that is not denied by the plaintiff shall be taken as confessed."

The issues tendered by the special plea were tried as though there had been a verified special denial thereof by the plaintiff; appellant introducing testimony to sustain the allegations and plaintiff introducing testimony in rebuttal thereof without objection from appellant. Furthermore, appellant requested special instructions submitting the matters alleged in the special plea as controverted issues to be determined by the jury, and did not request an instruction that those allegations should be taken as confessed. The statute quoted having been passed for the benefit of litigants, the same could be waived by them, and we are clearly of the opinion that there was such a waiver by appellant in this instance, and accordingly the assignments now under discussion must be overruled. 31 Cyc. pp. 733–735.

By another assignment of error appellant insists that no testimony was introduced to show the market value of the cattle in their condition when delivered at point of destination and what would have been their market value at the same time and place if they had been handled with ordinary care. Several witnesses testified that the cattle were in good condition before they started on their journey, and that while in transit some of them were killed and the remainder more or less skinned, bruised, and crippled; and several witnesses, who were experienced shippers, testified to the value of the cattle that were killed, and further testified that the remainder, consisting of 390 head, would have been worth from $24 to $26 per head if they had arrived at Cisco in good condition, but that they were not worth exceeding from $21 to $23 per head at Cisco in the condition they did arrive. Thus it appears that there is no merit in the assignment, and for the same reason the further assignment, that the verdict of the jury and judgment of the court is unsupported by the evidence, must be overruled.

[2] The remaining assignments of error are addressed to certain instructions given by the trial court and to the refusal of the court to give special instructions requested by appellant. No bills of exceptions appear in the record to those rulings of the court and appellee insists that appellant is in no position to urge those assignments for that reason. By act of the Thirty-Third Legislature (see Gen. Laws 1913, p. 114) article 2061 of the Revised Statutes of 1911 was amended so as to read as follows:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

The foregoing articles of the chapter in which that article is found relate solely to bills of exceptions and the necessary requisites in order to constitute the same, and in Taylor v. Butler (No. 7928) 168 S. W. 1004, and Heath v. Huffhines (No. 7936) 168 S. W. 974, both of which cases have heretofore been decided by this court, but which are not yet officially published, we held that, in the absence of a bill of exceptions, rulings of the court in giving, refusing, or qualifying instructions to the jury would be regarded as approved, and that an assignment of error based thereon under such circumstances is without merit. Those decisions we think sound and are decisive of the questions now under discussion in favor of appellee's contention. See, also, Mut. Life Ins. Ass'n of Donley Co. v. Rhoderick, 164 S. W. 1067.

The judgment is affirmed.