TABET BROS. CO. v. HIGGINBOTHAM.
(No. 5339.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 28, 1914.)

1. PLEADING (§ 412*) — WAIVER OF OBJECTIONS.

Defendant, by not excepting to the answer to his cross-action nor moving for judgment on the pleadings, but introducing evidence and letting the issues go to the jury, waived failure of such answer to specifically deny an item pleaded in the cross-action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. § 412.*]

2. EVIDENCE (§ 213*)—"ADMISSION"—EFFECT OF OFFER.

A mere offer to pay in compromise on a condition not accepted an item claimed to be owed is not an "admission" of such item being owed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*

For other definitions, see Words and Phrases, First and Second Series, Admission.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by A. H. Higginbotham against the Tabet Bros. Company. From the judgment, defendant appeals. Affirmed.

T. H. Ridgeway, of San Antonio, for appellant. Harry M. Rosenblum, C. C. Todd, and Carlos Bee, all of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant company for $675 claimed to be due appellee by appellant as wages. On March 4, 1914, appellee filed his second amended original petition, in which he reasserted his cause of action and answered appellant's first amended original answer and cross-action, which had been filed on August 18, 1913. By appellant's cross-action items aggregating $864.05 were claimed to be due appellant by appellee. The case was submitted to the jury upon special issues, and the jury found that the appellant (defendant below) owed appellee (plaintiff below) $338.33, and that appellee owed appellant $236.80, whereupon judgment was rendered in favor of appellee for the difference, which was $101.53. Thereafter appellant filed a motion, praying for judgment in its favor upon the pleadings, undisputed evidence, and the verdict of the jury, and also filed a motion for new trial. Both motions were overruled.

The jury's finding, to the effect that appellant owed appellee $338.33, is not attacked, but it is contended that appellee should have been adjudged to owe appellant $375, thus leaving a balance in appellant's favor. The statement of facts shows that appellee admitted that he owed appellant $150 upon a note, upon which interest was claimed to be due to the amount of $13, as well as attorney's fees amounting to $16.30, and $50 for money advanced to appellee. As he denied all further indebtedness, it is evident that the above items were included in the amount found by the jury to be due by him to appellant, viz., $236.80. We, therefore, need not consider said items further.

[1] Among the items pleaded in appellant's cross-action, there was one for $175, alleged to be due upon stated account, duly acknowledged by instrument in writing dated October 24, 1912, signed by appellee. The only denial of this pleading was contained in the said second amended original petition, and reads as follows:

"Plaintiff denies the allegations contained in the fifth paragraph of said answer of defendant and all the allegations contained in defendant's cross-action."

Appellant contends that this denial was not sufficient under chapter 127, Acts of 1913, (Vernon Sayles' Ann. Civ. St. 1914, arts. 1827–1829b), and that therefore he should be allowed said item of $175. This contention came too late. Appellant did not except to the answer, nor move for judgment upon the pleadings, but introduced evidence and let the issues be submitted to the jury. This constituted a waiver of the failure to specifically deny the item. G. H. & S. A. Ry. v. Pennington, 166 S. W. 465.

[2] Appellant contends further that, appellee having admitted in his testimony that he executed the instrument designated as a stated account, said item should have been allowed appellant. It is true appellant admitted that he executed the instrument, but he testified that he wrote the same at Geo. Tabet's request to prepare a statement for the purpose of compromising the dispute; that at the time he delivered the statement to George Tabet he told said Tabet that he did not owe such item, but for the purpose of compromising and getting an immediate settlement he would allow the same; that after delivering said statement George Tabet refused to pay him; that afterwards he called upon Joe Tabet, another officer of appellant company, at Sanderson, Tex., who requested him to make a statement, and he made one similar to the one made for Geo. Tabet; that Joe Tabet said he would sign the same and send it to his brother and direct his brother to pay the bill. Said statement contains the words, "Approved by Joe Tabet." Appellee testified that he believed the name, Joe Tabet, was in the handwriting of said Tabet, while George Tabet testified that it was not Joe Tabet's handwriting. The statement contains no express admission that appellee owed appellant the $175 item; on the contrary he uses the language, "You claim I owe on back account $175." If the statement expresses any agreement between the parties closing their account, it shows that appellant owes appellee a balance of $300, but it is shown to have been merely an offer of compromise, which was not accepted by appellant. George Tabet testified that said item of $175 was due "on back account," while appellee testified that no money or merchandise was given him, nor was any credit extended him for said item. The evidence supports a finding that in fact appellee did not owe appellant said amount, and that he made no admission that he owed same, and that his offer to allow same was made with the view of effecting a compromise, and was conditioned upon the payment of his claim for $675.

All assignments of error are overruled, and the judgment is affirmed.