## HILL COUNTY COTTON OIL CO. v. GATHINGS. (No. 7230.)

(Court of Civil Appeals of Texas. Dallas. Jan. 16, 1915. Rehearing Denied Feb. 13, 1915.)

PLEADING &⟷412—WAIVER OF OBJECTIONS—INSUFFICIENT REPLY.

An objection that the reply did not specifically deny allegations in the answer, and therefore, under the statute, they are to be taken as admitted, is waived, where no exceptions were taken to the reply, but the parties proceeded to trial as if the answer had been denied, and defendant raised no exceptions to the refusal of its requested charge that the allegations were admitted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. &⟷412.]

Appeal from District Court, Hill County; H. B. Daviss, Judge.

Action by Bascom Gathings against the Hill County Cotton Oil Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Wear & Frazier and Morrow & Morrow, all of Hillsboro, for appellant. Shurtleff & Cummings, of Hillsboro, and Chas. L. Black, of Austin, for appellee.

RAINEY, C. J. Appellee, a minor, sued, by next friend, to recover of appellant damages for personal injuries resulting from the negligence of appellant. Appellant answered by general demurrer, general denial, contributory negligence, and assumed risk. A trial resulted in a verdict and judgment in favor of the appellee for $7,500, from which this appeal is taken.

Appellee alleged, in substance:

That he was a minor, which was known to appellant, and was employed by appellant to work for it in a seedhouse in the city of Hillsboro. "That situated and operated therein was dangerous machinery, consisting of wheels, belts, pulleys, and shaftings operated by steam motive power, and used in conveying seed situated in the said seedhouse into the oil mill of defendant. That, at the time plaintiff entered the service of defendant, he was inexperienced in the uses of the machinery situated in defendant's seedhouse and did not know the danger of such machinery. That in said seedhouse there was a path or passway leading from the door of same, between certain machinery, to the place where he was directed to work. That on one side of this path or passway there was a shaft attached to said machinery jutting out two feet into said passway. That said shaft and the machinery to which it was attached was propelled by steam and was being revolved at a very rapid rate of speed. That said shaft had on its surface a groove, rendering the surface uneven and more liable to catch and become entangled with objects touching it than if the same had been smooth, when revolving rapidly. That this condition of the shaft was unknown to plaintiff before he was injured, but known to defendant. That, under the circumstances and conditions set out, plaintiff was directed to get a seed fork situated near the

door of the seedhouse, with which to move seed in said house. That in order to get the seed fork it was necessary for plaintiff to walk along and over the passway described, and that, when he reached a point near to where the shafting was revolving, the noise of the machinery attracted his attention and caused him to hesitate and to stop within range of the draft and suction created by a revolving wheel attached to said shafting, and the same came in contact with the clothes worn by him and wound him around said shafting, by reason of which he was thrown, dragged, and pulled with great force and violence into and upon said machinery, inflicting upon him serious and permanent injuries. The petition further alleged: That the proximate cause of plaintiff's injuries was the negligent acts of the defendant in permitting said shafting to extend and jut out into said passway without having the same boxed, or in some manner protected, to prevent clothing of persons passing along said passway from coming in contact with said shafting, and in failing to furnish plaintiff a safe place to work, and in failing to warn him of the danger incident to going near said machinery in the condition that it was in, and in failing to apprise plaintiff of the condition of said shafting and the disturbance caused by the wheel attached thereto, and the effect of same upon clothing of persons passing near it." That "he was injured in the following manner: His arm was broken and crushed and mangled and torn in such manner as to make it necessary to amputate the same at his shoulder. That he was bruised on his face and arm, his head and back, and a severe blow about the eyes that has caused him to lose the sight of one eye and to greatly impair the use of the other, to such an extent that in all probability will result in total blindness. That he was bruised on his face, and his entire body is bruised. He was injured in his back, and that the same has been made weak and lame. That he has suffered and will continue to suffer great physical pain and mental anguish."

The evidence was sufficient to establish the allegations of plaintiff's petition, and authorized the verdict of the jury.

In the case of Hill County Oil Co. v. Gathings, 154 S. W. 664, decided by this court, where the mother of the appellee sued for the loss of his services, practically the same facts and issues were involved and were passed upon. It was held that there was no error in the judgment, as the evidence showed liability on the part of appellant.

The first assignment presented in this case by appellant is that "the verdict of the jury is contrary to the law and evidence." Then appellant points out certain facts and combination of facts which were pleaded in its answer to plaintiff's petition as defenses to the cause of action, and contends that they were not specifically denied by appellee under the statute, are taken as confessed, and the jury should have been so instructed.

The appellee's reply to said answer is as follows:

"Now comes the plaintiff, and, replying to defendant's first amended answer filed herein, says that he denies each and all of the allegations of fact made therein as a defense to this cause of action."

The appellant did not except to the sufficiency of said reply, nor ask for judgment based upon the theory that its answer had been confessed, but the parties proceeded with the trial without any question being raised by the appellant with reference to the pleadings, and both parties introduced testimony bearing upon the issues raised by said answer. The record contains a special charge requested by appellant to the effect that the facts were considered as admitted by the plaintiff; and there is no issue for their consideration, and to return a verdict for the defendant, but the same was not given. There was no bill of exception reserved to this ruling, nor to the general charge, nor to the giving or refusing of any special charge. We therefore overruled the contention that the allegations of the answer should have been taken as confessed. T. & P. Ry. Co. v. Tomlinson, 169 S. W. 217; Railway Co. v. Pennington, 166 S. W. 464.

The other propositions under the first assignment relate to the sufficiency of the evidence to sustain the verdict. We think the evidence sufficient, and said propositions are overruled. Oil Co. v. Gathings, 154 S. W. 664.

The other assignments relate to the main charge and to the giving and refusing of special charges, and they will not be considered; there being no proper bill of exception reserved to the action of the court. Railway Co. v. Wadsack, 166 S. W. 42.

The judgment is affirmed.