WEDGWORTH et ux. v. SMITH. (No. 8207.)

(Court of Civil Appeals of Texas. Ft. Worth. May 29, 1915. Rehearing Denied June 26, 1915.)

1. APPEAL AND ERROR ☞907—PRESUMPTIONS —FACTS NOT SHOWN BY RECORD.

In the absence of a statement of facts, it must be presumed on appeal that there was evidence sufficient to support the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911-2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. ☞907.]

2. TRIAL ☞352—VERDICT—SUFFICIENCY TO SUPPORT JUDGMENT.

In an action against a husband and wife on notes alleged to have been given for the price of land and to foreclose a vendor's lien, defendants admitted the execution of the notes, but alleged that plaintiff loaned the husband $1,500 under a usurious agreement to repay $3,000, and that to make the transaction appear legal defendants caused property purchased by them to be conveyed to plaintiff, who then conveyed to the wife. Plaintiff by a supplemental petition denied such loan, and alleged that the husband solicited him to join him in the purchase of certain property; that he sent the husband his check for $1,500 to be invested in such property; that the property was conveyed to plaintiff and defendant wife jointly; and that he subsequently sold his interest to the wife, the notes sued on being given in payment. At plaintiff's request the court submitted the issue whether plaintiff sent the $1,500 to the husband under an agreement to purchase an interest in such property, or whether the agreement was that plaintiff should lend the husband $1,500, and that the husband should repay $3,000. The jury found that the $1,500 was furnished to purchase an interest in the land. *Held,* that the issue substantially presented the contentions of the parties, and the verdict, when read in the light of the issue, was sufficiently certain to support the judgment for plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840-842, 844, 845; Dec. Dig. ☞352.]

3. VENDOR AND PURCHASER ☞281 — VENDOR'S LIEN—SUITS TO FORECLOSE—BURDEN OF PROOF.

Defendants, having admitted the execution of the notes which upon their face purported to be vendor's lien notes, had the burden of proving the defense set up by them.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 792-794; Dec. Dig. ☞281.]

4. TRIAL ☞351 — ISSUES—SUBMISSION—NECESSITY OF REQUESTS.

If there were issues other than that submitted which defendants desired the jury to pass on, they should have requested their submission, and, in the absence of such a request, were in no position to complain of the court's refusal to submit them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 834-839; Dec. Dig. ☞351.]

5. PLEADING ☞422—NECESSITY OF VERIFICATION—WAIVER.

The failure to verify a petition was waived by the defendant where he did not invoke the benefit of the statute requiring the petition to be verified.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1414-1417; Dec. Dig. ☞422.]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by A. M. Smith against V. K. Wedgworth and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

A. B. Curtis, of Ft. Worth, for appellants. Glover C. Johnson, of Ft. Worth, for appellee.

DUNKLIN, J. A. M. Smith instituted this suit against V. K. Wedgworth and wife, Mrs. Fannie R. Wedgworth, upon three promissory notes dated June 1, 1909, alleged to have been given in part consideration for certain real estate alleged to have been sold by the plaintiff to Mrs. Fannie R. Wedgworth as her separate property. It was further alleged that the notes were executed by V. K. Wedgworth, and that they provided for the payment of interest upon the principal at the rate of 8 per cent. per annum from date, with the usual 10 per cent. attorney's fees clauses inserted. From a judgment in favor of the plaintiff against defendant V. K. Wedgworth for the sum of $1,941.30, with a foreclosure of the vendor's lien alleged in plaintiff's petition against both defendants, the defendants have appealed.

The principal defense urged to the suit consisted of allegations, substantially, that during the holidays of 1906-07, plaintiff loaned defendant V. K. Wedgworth the sum of $1,500 under a usurious agreement, by the terms of which Wedgworth was to pay the plaintiff the sum of $3,000 on or about June 1, 1907; that the money was loaned for the pur-

pose of purchasing certain real estate, including the property which plaintiff alleges he sold to defendant Mrs. Fannie R. Wedgworth; that a one-half interest in the proceeds of the property so purchased by Wedgworth was pledged as security for the payment of said loan. It was further alleged that when the loan became due Wedgworth was unable to pay the same or to dispose of said property, whereupon by agreement between the parties Wedgworth procured a conveyance of the property to the plaintiff, who then executed a conveyance of the same to Mrs. Fannie R. Wedgworth, and defendant V. K. Wedgworth paid to plaintiff cash the sum of $1,000, and executed the three notes sued on for the principal sum of $500 each; defendants alleging that said transaction was for the purpose of showing legality upon its face, and that at the time plaintiff insisted upon his full demand of $3,000, with interest, which Wedgworth refused to pay, and by agreement the total demand was finally reduced to $2,500, and the transaction last alleged was upon that basis. Defendants further alleged payments to plaintiff in various sums aggregating $1,374.85. They pleaded that, as the original contract with plaintiff for said loan was usurious, the payments so made should be applied upon the principal, leaving a balance due the plaintiff of the sum of $125.15 only, which sum they tendered in their pleadings. Defendants further alleged that all of the payments so made belonged to the separate estate of Mrs. Fannie R. Wedgworth; that the property so conveyed to her was her separate estate; that the lien claimed by the plaintiff constituted a cloud upon her title to said property, which they prayed should be removed.

Plaintiff, by supplemental petition, denied that during the holidays of 1906–07 he loaned defendant V. K. Wedgworth the sum of $1,500 under the agreement alleged by the defendants, and further denied that the three notes in controversy were executed under such an agreement, as was alleged by the defendants. Plaintiff further pleaded specially that during the holidays of 1906–07, defendant V. K. Wedgworth approached plaintiff at his home in the town of Clarendon, and tried to induce him to join Wedgworth in the purchase of a one-fourth interest in certain lots in the Frisco Heights addition to the city of Ft. Worth, which he represented could be purchased for the sum of $3,000, proposing at the time that plaintiff and said Wedgworth each invest the sum of $1,500, and that the purchase be made for their joint benefit; that plaintiff declined the proposition at first, but further informed Wedgworth that he might consider it later if Wedgworth found the title to the property to be good; that thereafter, on January 9, 1907, Wedgworth submitted to plaintiff a proposition in writing for the joint purchase of said property, advising plaintiff at the time that he had investigated the title and found it to be good. Plaintiff further alleged that thereafter he mailed to Wedgworth his check in the sum of $1,500, with the understanding and agreement between him and Wedgworth that the same, together with à like amount to be furnished by Wedgworth, was to be invested in the property as had been theretofore proposed by Wedgworth. It was further alleged that on or about June 15, 1907, he was advised by Wedgworth that some 80 of the lots that had been purchased for their joint benefit he had been unable to sell, and that the same had been apportioned to him and Wedgworth as their interest in the town lots mentioned; that thereafter he was advised by Wedgworth that 84 of the lots had been surrendered by those to whom they had been sold, and that one-fourth of the same had been apportioned to him and Wedgworth jointly. He further alleged that subsequently, on or about April 18, 1908, the record holders of the said lots executed a conveyance to plaintiff and to the defendant Mrs. Fannie R. Wedgworth, jointly, conveying to them 41 lots in the addition, thus placing a fee-simple title in plaintiff to one-half of said 41 lots; that thereafter, upon request of V. K. Wedgworth, he sold his one-half interest in said 41 lots to Mrs. Fannie R. Wedgworth for the sum of $2,000, payable as follows: $500 in cash; and $1,500 evidenced by three promissory notes in the sum of $500 each, executed by defendant V. K. Wedgworth, which are the notes sued on herein.

Plaintiff further denied specifically that the sum of $3,000 was ever at any time mentioned in the initial negotiations between him and V. K. Wedgworth, and specifically denied that he ever at any time demanded that V. K. Wedgworth repay him the sum of $3,000 or any other amount whatsoever. In other words, plaintiff, in effect, denied all allegations contained in the defendants' answer relative to a loan, and alleged that the deed to Mrs. Fannie R. Wedgworth, and the notes executed in consideration for it, represented a straightforward sale between the parties just as the deed and notes purported to be.

No statement of facts has been brought up with the record to this court. The trial was before a jury upon special issues, and the following special issue requested by the plaintiff was the only issue submitted to the jury:

"Did the plaintiff, A. M. Smith, send to V. K. Wedgworth in January, 1907, the $1,500 in pursuance of an agreement and contract between them that said Smith should purchase an interest in said lots in the Frisco Heights addition; or was the agreement and contract between them that said Smith should lend said $1,500 to said Wedgworth, and that said Wedgworth should pay said Smith in return therefor $3,000 on or about June 1, 1907? The burden of proof is on the defendants to establish that said $1,500 was furnished by said Smith as a loan to said V. K. Wedgworth, and, if they have not done so by a preponderance of the evidence in this case, you will answer said question above to the effect that said $1,500 was furnished by said Smith to purchase an interest in said Frisco Heights lots."

To that issue the jury returned the following verdict:

"We, the jury, find that the $1,500 was furnished to purchase an interest in lots in Frisco Heights.          J. E. Davis, Foreman."

By different assignments of error appellants insist that the verdict was not responsive to the issue presented, and was too vague, indefinite, and uncertain to furnish a sufficient basis for the judgment rendered; that the instruction, in fact, presented no material issue.

In connection with these contentions our attention is called to the request in writing to the trial judge filed by the defendants reading:

"Defendants hereby request that you submit said cause to the jury on special issues."

And which said request was marked as follows:

"Granted.          R. H. Buck, Judge."

Many authorities are cited in appellant's brief announcing the familiar doctrines that the judgment must follow the verdict; that a verdict which is unintelligible will not support a judgment; and that the court cannot look to the evidence in aid of the verdict even though the evidence be undisputed.

[1, 2] In the absence of a statement of facts, it must be presumed there was evidence sufficient to support the verdict returned upon the issues which were really determined by the jury. It will be noted that the contention presented by defendants' pleadings was that the $1,500 originally advanced by the plaintiff to Wedgworth was advanced as a loan upon an agreement by Wedgworth to pay therefor the sum of $3,-000, while the contention of the plaintiff was that the money was not loaned to Wedgworth at all, but was sent to him to be invested in real estate. If the contention thus presented by the plaintiff was true, then the whole defense of a usurious loan must fall. We are of the opinion that substantially these two contentions were presented in the special issue submitted, and that the verdict of the jury, read in the light of the issue so presented, as must be done, was sufficiently intelligible and certain to support the judgment.

[3] The defendants having admitted in their pleadings the execution of the notes which upon their face purported to be vendor's lien notes for property purchased from the plaintiff, their only escape from the judgment sought in plaintiff's petition was by sustaining the defenses specifically pleaded and referred to above, and clearly the burden of proof was upon the defendants to establish those defenses. Appellants did not request the submission of any particular special issues; the request quoted above being the only request made to the court relative to the submission of the case to the jury.

[4, 5] We are of the opinion that the issue whether or not the $1,500 advanced by Smith was advanced to Wedgworth as a loan upon an agreement by Wedgworth to repay to Smith the sum of $3,000, or whether or not the sum was furnished to Wedgworth by Smith to be invested in the property which was thereafter deeded to Smith, and then conveyed to Mrs. Fannie R. Wedgworth, was the controlling issue in the case. If there were other collateral issues which the defendants desired the jury to pass upon, they should have requested a submission of the same, and, in the absence of such a request, they are in no position to complain of the refusal of the court to submit them. It must be presumed that evidence was introduced to support the allegations contained in plaintiff's supplemental petition. The failure of plaintiff to verify that petition was waived by the defendant in the absence of any showing in the record that the benefit of the statute requiring the same to be verified was invoked by them. See T. & P. Ry. Co. v. Tomlinson, 169 S. W. 217. If the defenses referred to already were not sustained, then clearly there was no basis for the plea of reconvention by Mrs. Wedgworth for a cancellation of the vendor's lien as a cloud upon her title, and the verdict of the jury was a full adjudication of that plea adversely to her.

The judgment is affirmed.

BUCK, J., not sitting.