DOERING et al. v. DENISON et al.

(No. 5471.)

(Court of Civil Appeals of Texas. Austin. June 23, 1915.)

1. PRINCIPAL AND AGENT ⊙═88—SALES CONTRACTS—CONSTRUCTION—TERRITORY.

Under a contract making plaintiffs subagents under defendant for the sale of automobiles within a specified territory, providing that plaintiffs should receive certain rebates on the amount of business done, cars furnished to another dealer in different territory at wholesale price were not to be considered in determining the amount of rebate.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 215; Dec. Dig. ⊙═88.]

2. PRINCIPAL AND AGENT ⊙═33—BREACH OF CONTRACT — REVOCATION BY PRINCIPAL — WAIVER.

The act of a subagent in furnishing automobiles to another dealer outside of his territory, if a violation of his sales agency contract entitling the principal to stipulated damages, was waived by the principal's failure to immediately terminate the contract and by its conduct in permitting the subagent to continue to represent it.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 54; Dec. Dig. ⊙═33.]

3. APPEAL AND ERROR ⊙═1138—REVERSAL—GROUNDS.

Judgment for plaintiff will not be reversed on the theory that defendant was entitled to judgment because of failure to deny certain allegations of the answer, where plaintiff had been refused permission, at the close of the evidence, to file a pleading denying such allegations, since a reversal and rendering of judgment would be improper, and a mere reversal would be useless, as plaintiff would amend and probably obtain another judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4456–4461; Dec. Dig. ⊙═1138.]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by Frank L. Denison and another against Frank Doering and the Ford Motor Company. Judgment for plaintiffs, and defendants appeal. Judgment as between plaintiffs and defendant Ford Motor Company affirmed, and judgment against defendant Doering reformed and affirmed.

Spann & Spann, of Temple, for appellants. J. B. Talley, of Temple, for appellees.

KEY, C. J. This being a county court case in which the jurisdiction of this court is final, and the business of the court, as well

as the public interest, suggesting brevity, no elaborate opinion will be written. Appellees F. L. Denison and T. J. Laramey sued the appellants Frank Doering and the Ford Motor Company, alleging and recovering upon a separate cause of action against each defendant, and the latter have appealed.

[1] All the questions presented in the brief filed on behalf of appellants have received due consideration, and our conclusion is that none of them point out error entitling either appellant to relief in this court, except appellant Doering's second assignment, which charges that the judgment against him for $311.50 is excessive to the extent of $207.67. That judgment was based upon the plaintiff's right to rebates under a contract making them subagents under appellant Doering for the sale of Ford automobiles, etc., within a specified territory. By the terms of the contract the plaintiffs were to receive a rebate of 1 per cent. on the first $10,000 worth of business and 2 per cent. on the second $10,000. The trial court found that the total amount of business aggregated $20,782.50, but that included four cars sold to another agent who was dealing in Ford cars in the city of Waco, and outside of the territory assigned to the plaintiffs. The sales referred to were not made at the current retail price, as required by the contract, but at wholesale price, with freight charges added. We think the stipulation in the contract by which appellant Doering obligated himself to pay to appellees certain rebates upon the volume of business transacted was intended to stimulate the sale of Ford cars in the territory assigned to appellees, which was part of a larger territory belonging to appellant Doering, and that it was not contemplated by the parties that cars furnished to another dealer in Ford cars in another and different territory and at wholesale price should be considered in determining the amount of rebate appellees would be entitled to. When the sales referred to are deducted, the basis upon which to calculate the rebate is reduced to less than $20,000, and therefore we hold appellees were not entitled to recover more than $100 and interest from appellant Doering, and the judgment against him will be reformed and corrected in that respect.

[2] As heretofore intimated, we shall not undertake to elaborately discuss the other questions presented in appellant's brief; but, in view of the ruling just made, we deem it proper to explain why we have not sustained the contention of appellant Ford Motor Company to the effect that, as the proof shows that appellees had breached the contract by selling cars at less than the current retail price and by selling outside of their territory, therefore they were not entitled to recover the $200 which they had deposited with the Ford Company as a guaranty of performance of the contract by them, but that the Ford Company was entitled to recover $250 as stipulated damages for each of the breaches referred to. In the first place, we do not agree with the contention that the transaction in question in reference to furnishing cars to another Ford dealer in a different territory was a violation of the spirit and intent of the contract; but, if it was, we think the Ford Motor Company waived its right to claim the forfeiture and damages referred to by its failure to immediately terminate the contract, and by its conduct in permitting appellees to continue to represent it under the contract.

[3] We also deem it proper to say that we have given due consideration to the question of pleading presented in appellants' brief. Counsel for appellees has cited authorities which seem to support the contention that, inasmuch as appellants did not insist that they were entitled to a judgment because of the failure of appellees to deny certain facts pleaded by them as a defense until after the case had been tried, and did not object to appellees' introducing testimony tending to controvert the facts alleged in appellants' answer, they should be held to have waived their right under article 1829 of the Revised Statutes, as amended by the Thirty-Third Legislature. (Acts 33d Leg. c. 127 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1829]). Railway Co. v. Pennington, 166 S. W. 464; Railway v. Tomlinson, 169 S. W. 217; S. W. Tel. & Tel. Co. v. Andrews, 169 S. W. 219; Tabet Bros. v. Higginbotham, 170 S. W. 118; Memphis Cotton Oil Co. v. Tolbert, 171 S. W. 309; Hill County Cotton Oil Co. v. Gathings, 173 S. W. 597; 31 Cyc. p. 733. But, aside from that consideration, the record shows that, after all the testimony was introduced, but before the case was finally decided, appellees asked permission to file another pleading, in the main and in effect denying the facts set up in appellants' answer, which request the trial court refused to grant. Therefore, if we should sustain appellants' contention as to the construction to be placed upon the amended statute, still we would not feel justified in reversing and rendering judgment; and it is reasonably certain that a mere reversal would not change the final result, because appellees would amend their pleading, deny the allegations referred to in appellants' answers, and in all probability obtain judgment upon another trial.

As between appellees and appellant Ford Motor Company, the judgment of the trial court is affirmed; but, as between appellees and appellant Frank Doering, the judgment is reformed so as to reduce the recovery against him to $113.83, with interest at the rate of 6 per cent. from the date of the judgment of the trial court.

Reformed and affirmed.