TEXAS CITY TERMINAL CO. v. PETITFILS.    (No. 7006.)

(Court of Civil Appeals of Texas.    Galveston.
Dec. 11, 1915.    Rehearing Denied
Jan. 6, 1916.)

1. PLEADING �köö290—ADMISSION BY FAILURE TO DENY UNDER OATH IN REPLY.

In an action against a railroad for injuries to a passenger on its car, where the defendant pleaded that plaintiff was guilty of contributory negligence in standing in the aisle, which plea was not denied under oath, the action of the court in refusing to instruct a verdict for defendant was proper; it being unnecessary for a plaintiff to traverse allegations in the answer which are the mere converse of those in the petition.

[Ed. Note.—For other cases, see Pleading, Cent.Dig. §§ 859–863, 886½; Dec.Dig. ⊚290.]

2. NEW TRIAL ⊚96—GROUNDS—ABSENCE OF WITNESSES.

Where motion for new trial was made by defendant for its inability to obtain the testimony of witnesses summoned by plaintiff, but who were not called by him, and who, when informed by plaintiff, at the close of his evidence

at about 10 o'clock in the morning, without knowledge that their further attendance was desired by defendant, that they were excused, left the courtroom, with defendant's knowledge, which failed to ask process for their return, though the witnesses, were within one hour's drive by automobile, while defendant did not conclude its evidence until 3 o'clock in the afternoon, and asked no continuance, postponement, or delay of the trial in order to obtain the testimony, the motion was properly denied.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 172, 190–194; Dec. Dig. ⊕═══96.]

3. TRIAL ⊕═══133—ARGUMENT OF COUNSEL.

In a personal injury case against a railroad, where the improper, but not inflammatory, language of plaintiff's counsel in his address to the jury was immediately withdrawn by him upon objection while the court, on his request, instructed the jury to disregard it, in the absence of anything in the size of the verdict or the record to indicate that the remarks had any effect on the jury to influence them to find for plaintiff, or to award larger damages, there was no error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. ⊕═══133.]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by A. F. Petitfils against the Texas City Terminal Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. T. Armstrong and Eugene A. Wilson, both of Galveston, for appellant. Frank S. Anderson and Aubrey Fuller, both of Galveston, for appellee.

PLEASANTS, C. J. A. F. Petitfils brought this suit against the Texas City Terminal Company, which owns and operates a railroad between Texas City and Texas City Junction for the carriage of passengers for hire, to recover damages for personal injuries sustained by him while a passenger on defendant's passenger car, due to the alleged negligence of defendant in operating its car whereby the car upon which he was a passenger, while moving at a high rate of speed, ran off the main track through a switch onto a side track and came into collision with a car there standing. The negligence charged is that the switch connecting the side track with the main track was negligently left open so as to cause the passenger car to pass from the main track into the switch, thereby colliding with a car standing on the side track, and that the motorman driving the passenger car negligently failed to observe the open switch, as it was his duty to do, and as he might have done by the exercise of reasonable diligence. The plaintiff alleged that at the time he entered the passenger car, and at the time of the accident, he was compelled to, and did, stand in the aisle of the car, being unable to obtain a seat on account of the crowded condition thereof.

The defendant answered, pleading among other defenses that plaintiff was standing in the aisle of the car without any necessity therefor, and that in so doing he was guilty of negligence. which contributed to his injuries. This charge of contributory negligence was· not specifically denied by any pleading thereafter filed by the plaintiff.

The case was tried before a jury, and resulted in a verdict and judgment for plaintiff for $500, from which the defendant has appealed.

[1] By its first assignment of error appellant complains of the refusal of the court to sustain its motion for a new trial upon the ground that, appellant having pleaded that the appellee was guilty of contributory negligence in standing in the aisle of the car, and this plea not having been denied under oath, the court should have instructed a verdict in its favor, and erred in refusing to give its first special charge which contained such an instruction. This case was tried before the repeal by the last Legislature of the law requiring pleadings to be under oath, and providing, in substance, that any defensive plea duly sworn to, not denied under oath, should be taken as confessed. A similar question was presented in the case of Railway v. Pennington, 166 S. W. 467, and decided adversely to· the contention here made; and, in overruling the assignment, we shall content ourselves by referring to the reasoning there made, which applies with peculiar force under the facts of this case. See, also, Denison Cotton Mills v. McAmis, 176 S. W. 621; Railway v. Tomlinson, 169 S. W. 217; Tablet Bros. Co. v. Higginbotham, 170 S. W. 118.

[2] The fourth assignment complains of the refusal of the court to grant appellant's motion for a new trial on account of its inability to obtain upon the trial the testimony of two witnesses, Capt. Heintzelman and Lieut. Blackford, both of whom were United States Army officers stationed at Texas City. These witnesses had been summoned by the appellee, but were not placed upon the stand by him, and when he concluded the introduction of his evidence he informed said witnesses that he would not need their testimony, and, being told ·by them that they had not been summoned by the appellant, he excused them from further attendance upon the trial, and they immediately left for their headquarters at Texas City. This was about 10 o'clock in the morning, and the appellant was apprised about that time that they had been excused and had left the courtroom. Appellant did not conclude the introduction of its evidence until 3 o'clock that afternoon. Texas City was only about one hour's drive by automobile from Galveston, and the round trip could have been made in about two hours, but, notwithstanding this the appellant asked for no process to secure the return of these witnesses, nor did it ask for a continuance, postponement, or delay of the trial in order to obtain their testimony. When appellee excused the witnesses from further attendance he did so without knowl-

---

edge that their further attendance was desired by appellant or that their testimony was material to the appellant's defense.

We think that under the foregoing facts the court properly refused to grant a new trial upon the ground urged in the assignment.

[3] The language used by appellee's counsel in his address to the jury, while improper, was not inflammatory, and was immediately withdrawn by him upon objection being mate thereto by the appellant. In addition to this, the court instructed the jury to disregard the remarks objected to, which the counsel also requested the jury to do. There is nothing in the size of the verdict or anything in the record to indicate that the remarks had any effect upon the jury, either in their finding in his favor or in fixing the amount of their award. The second assignment, which raises the point, is overruled.

The remaining assignment complains that the verdict is excessive. We have carefully read the evidence, and find therefrom that the verdict was warranted thereby, or at least was not so excessive as to justify this court in substituting its judgment for the judgment of the jury as to the extent of plaintiff's injuries and as to the sum of money that would properly compensate him therefor. The assignment is overruled.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes