DENISON COTTON MILL CO. v. McAMIS.
(No. 79–2857.)

(Commission of Appeals of Texas, Section A. Nov. 5, 1919.)

1. PLEADING ☞412—WANT OF REPLY TO ANSWER WAIVED.

Where no objection was made in an action for personal injury that a plea that plaintiff assumed the risk had not been denied, until after the jury returned a verdict for plaintiff, the defendant must be held to have waived any right to have the plea taken as confessed, under the Verified Pleading Act of 1913 (Acts 33d Leg. c. 127).

2. NEW TRIAL ☞29 — IMPROPER ARGUMENT AUTHORIZING NEW TRIAL.

A statement by plaintiff's counsel, in an action by a servant against a master for personal injuries, that "the law of assumed risk is an infamous law and a bastard offspring of the doctrine of contributory negligence," was improper, and court erred in denying a new trial.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. O. McAmis against the Denison Cotton Mill Company. There was a judgment of the Court of Civil Appeals (176 S. W. 621), affirming a judgment for plaintiff, and the defendant brings error. Reversed and remanded.

John T. Suggs, of Denison, and Jones & Hassell, of Sherman, for plaintiff in error.

E. J. Smith, of Denison, and W. W. Nelms, of Dallas, for defendant in error.

STRONG, J. The plaintiff, J. O. McAmis, recovered judgment in the district court against the Denison Cotton Mill Company, which was affirmed by the Court of Civil Appeals. 176 S. W. 621. We adopt the fol-

lowing statement of the case made by the Court of Civil Appeals:

"The action is by appellee for damages for personal injuries. As an employé of the mill company appellee, along with about eight others, was assisting in roofing a warehouse with a material known as asbestos roofing. The work was being done under the direction and immediate supervision of the mill company's superintendent and foreman. The building was 100 feet in length by 50 feet in width, the roof sloping 2 or 2½ feet to the eaves, and the eaves being between 16 and 20 feet from the concrete pavement below. The roofing material came in rolls of about 100 pounds weight each, and these, when unrolled, were 75 feet long, 3 feet wide, and one-eighth of an inch thick. When the rolls were smoothly laid on the roof, they were made secure and fast by being nailed down. The rolls were carried to the roof of the building and there unrolled; it being necessary for it to be unrolled for an hour's time in order to allow it to dry out before being nailed to the roof. At the time of his injury the appellee and a fellow workman were nailing down the first layer of the roofing, which overlapped the eaves of the building about an inch. He was sitting on the first layer, with his feet hanging down over the eaves, driving nails in the roofing, and had taken this position under the direct command of the foreman. He had been in this position and on the roof a very short time. Back of appellee, some 12 or 15 feet, two rolls were spread out on the roof drying. A heavy wind from the northwest was blowing, and had been for about two hours. While appellee was thus engaged one of the loose rolls was lifted and blown by the wind, forcibly striking appellee in the back and precipitating him to the ground. He struck on a cement roadway, causing grievous injuries. Nothing had been done to keep the roofing material that had been spread out on the roof from being blown by the wind. The method employed of unrolling the roofing on the roof, instead of on the ground, to dry it out, was, it was proven, under the express direction of the superintendent, and it was his direction that no weights be placed on the unrolled pieces while there drying out. It was testified that Munson, the manager, said, 'You had better get something and weight it down,' and Hooks, superintendent in charge of the work, replied, 'No; there is no use to weight it down. I did some roofing at Sherman with the same kind of paper, and did not have to weight it down.' Appellee was a day laborer and inexperienced in the work at which he was engaged. The case was submitted to the jury on special issues, and their answers are findings of fact that appellant was guilty of negligence, as alleged, in failing to weight down or fasten the roofing material laid out on the roof to dry, proximately causing injury to appellee, and that appellee was not guilty of contributory negligence, and did not, in point of fact, assume the risk of being injured from the roofing material under the circumstances."

The refusal of the trial court to peremptorily instruct the jury to return a verdict for defendant is made the basis of the first and second assignments of error. The Court of Civil Appeals refused to consider these assignments, because it did not appear from the record that the refusal to give the peremptory instruction was excepted to within the time and in the manner provided by the Practice Act of 1913 (Acts 33d Leg. Regular Session, p. 113), which was in force at the time of the trial. It is unnecessary for us to determine whether the provisions of the above act relating to requested instructions apply to a requested peremptory instruction, as we have reached the conclusion, upon careful consideration of the testimony, that the peremptory instruction requested by defendant was properly refused by the trial court.

[1] The defendant pleaded assumed risk as a defense. The plaintiff filed no answer to this plea, and it is insisted under the Verified Pleading Act of 1913 (Acts 33d Leg. p. 256), in force when the case was tried, that the facts stated in the plea should be taken as confessed. It appears from the record that the defendant proceeded to trial and introduced evidence in support of the plea as though it had been properly denied. No objection was made by defendant to the submission of the issue to the jury on the ground that the plea had not been denied, and the attention of the trial court was called to the matter for the first time after the jury returned a verdict. We think, under these circumstances, the Court of Civil Appeals properly held that the defendant waived any right to have the plea taken as confessed. 31 Cyc. pp. 733–735; Long v. Valleau, 87 Iowa, 675, 55 N. W. 31, 56 N. W. 748; Railway v. Tomlinson, 169 S. W. 217.

[2] The only other assignment necessary to consider relates to the refusal of the court to grant defendant a new trial on account of the following language used by plaintiff's attorney in his closing address to the jury:

"The law of assumed risk is an infamous law and a bastard offspring of the doctrine of contributory negligence."

The language was objected to by defendant's counsel at the time, and proper exception taken. It appears from the bill of exception relating to this matter that the trial judge at the conclusion of the argument, without making any specific reference to the language quoted, in general terms verbally instructed the jury to determine the issues of fact submitted without regard to the improper argument of counsel on collateral matters. We can hardly conceive of a more flagrant violation of the rule requiring the argument to be confined "strictly to the evidence," or one calculated, under the facts of this case, to be more harmful in its effect. The principal defense relied upon by the defendant was that the plaintiff's injuries resulted from a risk assumed by him. The evidence upon this issue was in sharp conflict. The language used was calculated to

prejudice the jury against the law upon which defendant predicated its defense, and thus improperly influence them in reaching a verdict. This was its manifest purpose, and we cannot say that it did not have this effect. The argument was not only improper, but was in effect an appeal to the jury to disregard the law as submitted in the charge of the court. We think a new trial should have been granted. Railway v. Langston, 92 Tex. 709, 50 S. W. 574, 51 S. W. 331; Dillingham v. Scales, 78 Tex. 205, 14 S. W. 566; Moss v. Sanger Brothers, 75 Tex. 321, 12 S. W. 619.

We are of opinion, for the reasons stated, that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and the cause remanded for another trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.