SOUTHWESTERN LIFE INSURANCE COMPANY v. RUTH POWERS.

No. 7219. Decided January 4, 1939.
Rehearing overruled February 22, 1939.
(122 S. W., 2d Series, 1057.)

*Hamilton, Lipscomb & Wood* and *Dexter Hamilton*, all of Dallas, for plaintiff in error.

The evidence showing that the note given for the fourth annual premium was extended and paid out of the loan value of the policy in conformity with the automatic premium loan provision, which exhausted the loan value of the policy, and no premium thereafter having been paid, the policy thereupon became forfeited, and the court should have so held. Fidelity Mutual Life Ins. Co. v. Price, 117 Ky. 25, 77 S. W. 384; Southland Life Ins. Co. v. Hopkins, 244 S. W. 989; American Natl. Ins. Co. v. Tabor, 111 Texas 155, 230 S. W. 397.

*Butler & Price*, of Tyler, for defendant in error.

In a trial before the court without a jury where the defendant relies solely on a general denial, evidence admitted to exonerate the defendant from liability over and beyond such evidence as is permissible to rebut the plaintiff's prima facie case is unavailing to the defendant, and it cannot defeat recovery on the ground that the policy had lapsed for nonpayment of premiums in the absence of a special plea of setting up such affirmative defense. Moody & Co. v. Rowland, 100 Texas 363, 99 S. W. 1112; Phoenix Ins. Co. v. Hague, 34 S. W. 654; Good v. Chiles, 57 S. W. (2d) 1100.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by defendant in error Ruth Powers

against plaintiff in error Southwestern Life Insurance Company upon a policy of life insurance issued by the company upon the life of her brother, Joe M. Powers, in which she was named as beneficiary. In the trial court judgment was rendered in her favor against the company for the face value of the policy, ($2500.00), together with interest, penalty and attorney's fees, less the sum of $209.70, the principal and interest found by the court to have been due on notes executed by the insured, Joe M. Powers, to the company for the third and fourth annual premiums on the policy. The trial court's judgment was affirmed by the Court of Civil Appeals. 100 S. W. (2d) 201.

The Court of Civil Appeals correctly held that the policy of insurance was not in force and effect at the time of the death of the insured; that it had lapsed for nonpayment of premiums; that the reserve or cash loan value of the policy had been applied and exhausted, and that there was therefore no extended insurance in effect at the time of his death. That Court correctly construed and applied the opinions of this Court in the cases of Texas Life Insurance Company v. Cork, 126 Texas, 627, 89 S. W. (2d) 779 and Pacific Mutual Life Insurance Company of California v. Thurman, 126 Texas 363, 89 S. W. (2d) 202. We approve its holding that under the evidence the policy had lapsed and deem it unnecessary to write further with reference thereto.

Notwithstanding its holding set out above, the Court of Civil Appeals held that the judgment of the trial court should nevertheless be affirmed, because the insurance company in its answer did not plead as a defense the forfeiture of the policy because of nonpayment of premiums, and to review this latter holding the application for writ of error was granted. In her petition upon which she went to trial Miss Powers alleged: "* * * and up to and at the time of his death, said policy of life insurance was in full force and effect, or at least said policy of insurance was in full force and effect as a contract or policy of extended insurance in the said full sum of $2500.00, * * *."

The answer of the insurance company consisted only of a general demurrer and general denial. The Court of Civil Appeals held that this answer did not put in issue the question of whether the policy had been forfeited for failure to pay premiums. That court further held that, in support of the trial court's judgment, it would be presumed that the trial judge disregarded the evidence offered on that question, because of want of any special pleading of forfeiture as a defense. . . .

We find it unnecessary, in the state of the record, to decide the question of what issues were joined by the general denial. Under our holding on the question next discussed that becomes an immaterial inquiry. ·

No objections were made in the trial court to the introduction of evidence on the defense that the policy was not in force as extended insurance. That was the principal fact issue in the trial court, and much evidence was introduced thereon. The record affirmatively discloses that the trial court in entering judgment considered that evidence, for the judgment reduced the amount of recovery which would otherwise have been awarded by the sum of $209.70, which was recited to be the principal and interest due upon the notes executed by the insured for the third and fourth annual premiums on the policy. The effect to be given to those notes was the essence of the defense.

■ It is a general rule of appellate procedure that, where a case has been tried without objection upon the theory that the answer was sufficient to join issues of the facts which were contested upon the trial, an objection that it was insufficient for that purpose cannot be made for the first time in the appellate court. Texas Employers' Ins. Ass'n. v. Marsden, 131 Texas 256, 114 S. W. (2d) 858; Denison Cotton Mills Co. v. McAmis, 215 S. W. 442; Texas & P. Ry. Co. v. Tomlinson, 169 S. W. 217 (Error Dismissed); Tabet Bros. v. Higginbotham, 170 S. W. 118; State Bank & Trust Co. v. W. O. Horn & Bro., Inc., 295 S. W. 698.

The Denison Cotton Mill case, supra, arose under the Act of 1913 (33rd Leg. p. 256), later repealed. That act provided, among other things, that any fact pleaded by the defendant which was not denied by the plaintiff should be taken as confessed. The defendant in that case pleaded assumed risk as a defense. The plaintiff filed no answer to the plea, but the trial proceeded and evidence was introduced just as though an answer had been filed. No objection was made to the submission of the issue of assumed risk to the jury on the ground of the insufficiency of the pleading to raise that issue and the attention of the trial court was called to the state of the pleadings for the first time after the jury returned its verdict. In an opinion by this section of the Commission, the holding of which was expressly approved by the Supreme Court, it was held:

" * * * We think, under these circumstances, the Court of Civil Appeals properly held that the defendant waived any

right to have the plea taken as confessed. 31 Cyc. pp. 733-735; Long v. Valleau, 87 Iowa, 675, 55 N. W. 31, 56 N. W. 748; Texas & Pac. Railway v. Tomlinson, 169 S. W. 217."

If there had theretofore been uncertainty in the decisions on this question, it was removed by this Court in the case of Texas Employers' Insurance Association v. Marsden, supra. That was a compensation case. The insurance carrier appealed to the district court and the employee answered and filed a cross action setting up a claim for compensation for total permanent disability. To this cross action the insurance carrier filed no answer, not even a general denial. From an adverse judgment the insurance carrier appealed to the Court of Civil Appeals, assigning certain trial errors. That court refused to consider any of the assignments upon the ground that, by its failure to file a general denial to the cross action, the carrier admitted all material allegations thereof. Accordingly the judgment of the trial court was affirmed on the ground that the pleadings did not join issue on the material facts. Upon original hearing this court refused the application of the insurance association for writ of error, but upon rehearing that order was set aside and the application dismissed for want of jurisdiction. In its opinion on rehearing the court used this language:

"* * * We think the record clearly discloses that the case was tried in the district court by all parties as if plaintiff in error had filed a general denial to the cross action. Regardless of whether or not it was, under strict technical rules, required to answer the cross action, we think that such answer was waived, and the parties proceeded upon the theory that there had been a general denial entered."

While the insurance carrier was the nominal plaintiff in that case, the real plaintiff upon whom rested the burden of proof was the employee, and the case was tried without any answer at all having been filed to his petition. If a litigant by his conduct may waive the filing of any answer at all, he may in like manner waive the sufficiency of an answer to present the defense that a policy of insurance has lapsed for nonpayment of premiums.

The judgment of the trial court and Court of Civil Appeals are both reversed and the cause remanded.

Opinion adopted by the Supreme Court January 4, 1939.

Rehearing overruled February 22, 1939.