JOHN BEDNARZ ET AL V. THE STATE OF TEXAS.

No. 8177. Decided December 15, 1943.
Rehearing overruled January 19, 1944.
(176 S. W., 2d Series, 562.)

*O. F. Burney,* of Floresville, for petitioners.

*Wesley E. Seale,* of Corpus Christi, for respondents.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought by the State for the use and benefit of itself and certain other taxing units against John Bednarz, Mrs. A. D. Warnken, and others to recover taxes alleged to be due on a lot and some gin machinery. The only material question relates to the sufficiency of the pleadings.

There is no question as to the sufficiency of plaintiffs petition. The defendants filed no written answer whatever. The judgment of the lower court was largely favorable to the defendants on the contested issues, and the plaintiff appealed. The Court of Civil Appeals reversed the judgment and remanded the cause for a new trial because of lack of pleadings on the part of the defendants. 174 S. W. (2d) 743.

As above stated, the defendants filed no answer whatever. However, the judgment recites that the parties appeared by their attorneys and orally agreed in open court as to what the issues were, and how some of the issues should be decided. They further agreed as to what some of the facts were with reference to the contested issues and that the court, without a jury, should hear further evidence on such contested issues. No objection whatever was made in the lower court to the failure of the defendants to file an answer.

■ It appears to be well-established rule that where a case has been tried without objection upon the theory that the answer of the defendant was sufficient to join issues on the facts which were contested upon the trial, an objection that it was insufficient for that purpose cannot be made for the first time in the appellate court. Texas Employers' Ins. Assn. v. Marsden, 131 Texas 256, 114 S. W. (2d) 858; Southwestern Life Ins. Co. v. Powers, 132 Texas 460, 122 S. W. (2d) 1056; Denison Cotton Mill Co. v. McAmis (Texas Com. App.) 215 S. W. 442; Texas & Pac. Ry. Co. v. Tomlinson (Tex. Civ. App.), 169 S. W. 217 (error dismissed) ; Tabet Bros. Co. v. Higginbotham (Tex. Civ. App.), 170 S. W. 118; State Bank & Trust Co. v. W. O. Horn & Bro., Inc., (Tex. Civ. App.), 295 S. W. 698.

The holding above announced is strengthened by the provisions of Rules 67 and 90, which rules were adopted after the announcement of the cited decisions. Rule 90 provides in part as follows:

"Rule 90. * * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; * * *."

Rule 67 provides in part as follows:

"Rule 67. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * *"

The above rules, we think, make it clear that even though the defendant wholly fails to file any answer whatever, yet if that parties appear and try the case on certain issues without any objection on the part of the plaintiff to the failure of the defendant to file an answer, the plaintiff cannot raise the issue of insufficiency of the defendant's pleadings for the first time on appeal. Under this holding the Court of Civil Appeals erred in reversing the judgment of the trial court on the ground mentioned.

This requires us to examine the record to ascertain whether any other reversible errors are presented.

■ The State's second point is that the judgment of the lower court cannot be sustained because "the Court did not find that the methods adopted by the Board of Equalization in arriving at the valuations were illegal or fraudulent." The court did not file separate findings of fact, but did make certain findings in the judgment. The court therein found that the valuation of the real estate as fixed by the Board of Equalization was in excess of the fair value of the property, and that the assessment as made discriminated against the owner of the property. This finding was sufficient to support the judgment of the trial court striking down the assessment. Lively v. Missouri, K. & T. Ry. Co., 102 Texas 545, 120 S. W. 852; State v. Houser, 138 Texas 28, 156 S . W. (2d) 968. Moreover, if any additional findings were needed, under Rule 299 all omitted findings necessary to support the judgment will be supplied by presumption in suport of the judgment. This point is overruled.

The only other assignments complained of the failure of the court to render judgment against Mrs. A. D. Warnken for the taxes on the personal property. In this connection, it is contended that the property was owned by and assessed to A. D. Warnken from 1931 to 1935, and that after his death it was assessed to Mrs. A. D. Warnken from 1936 to 1939. It is further contended that Mrs. Warnken received by inheritance a part of the estate of A. D. Warnken upon his death, and is therefore liable to that extent for the taxes owing by him. Mrs. Warnken contended that the estate was insolvent and she had received no part thereof. There are no findings by the court in support of the

State's contention that Mrs. Warnken received any part of her husband's estate, or that the property was assessed to her for the years in question. No statement of facts was filed with the record. In the absence of a statement of facts we are unable to say that the evidence supports such a contention.

Since the record presents no reversible error, the judgment of the trial court must be affirmed. The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered December 15, 1943.

Rehearing overruled January 12, 1944.