### ALLEN v. JONES et al.

No. 14747.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 18, 1946.

Rehearing Denied Feb. 15, 1946.

Robert D. Allen, of Fort Worth, for appellant.

John L. Poulter, of Fort Worth, for appellees.

McDONALD, Chief Justice.

In this suit, brought in the District Court of Tarrant County, appellant Allen seeks to enjoin the enforcement of a judgment rendered in the County Court at Law No. 1 of Tarrant County, on the theory that the judgment of the County Court is void. Appellant first brought suit in the Justice Court to recover certain personal property of the alleged value of $125, or in the alternative its value. The case was appealed to the County Court at Law, and there tried de novo, resulting in a judgment adverse to appellant. Jurisdiction to enjoin the County Court judgment, if it is void, therefore lies in the District Court. 25 Tex.Jur. pp. 650–652.

After the Justice Court suit was appealed to the County Court at Law, appellant, as plaintiff, filed a written petition, as required by rules 525 and 590, Texas Rules of Civil Procedure. Defendants, the appellees here, did not file written pleadings until after judgment was rendered in the County Court, so we shall treat the case as if appellees had filed no written pleadings in the County Court. The judgment of the County Court was to the effect that plaintiff, the appellant here, take nothing by his suit, and that one of the named defendants recover title and possession of the property in question.

Appellant later filed the present suit in the District Court to enjoin enforcement of the County Court judgment, and prayed that the District Court issue a mandatory injunction restraining the enforcement of such judgment, and that "said judgment in said County Court at Law be set aside and be declared null and void." The District Court denied the relief sought by appellant, and he has appealed, presenting six points of error.

The gist of appellant's contentions is that the County Court judgment was void in awarding title to the property to one of the defendants in the absence of any pleadings to support such a judgment.

Appellant's petition was sufficient to put in issue the question of appellant's right to the property as between himself and the defendants. The County Court

clearly obtained jurisdiction of the controversy at least when appellant filed his written petition. In fact, the correct view perhaps is that the County Court acquired jurisdiction of the controversy by the filing of the appeal from the Justice Court. Under decisions too numerous to mention, an appeal from a Justice Court judgment removes the case from the jurisdiction of that court, and vests it in the County Court. Any failure to observe the requirements of Rules 525 and 590 would merely constitute an error in procedure, which would have to be attacked in an appeal to the Court of Civil Appeals, and which could not serve to divest the County Court of jurisdiction of the case to such an extent that any judgment it might render would be void. There is nothing in the record before us to show that appellant raised any objection in the County Court to the lack of pleading, or the failure to reduce the pleadings to writing. Under the holding of the Supreme Court in Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, there would be no reversible error under the record before us even if the case had been brought here by direct appeal from the County Court. Much less is there presented any case for enjoining the enforcement of the County Court judgment on the ground that it is void.

The judgment of the District Court is affirmed.