## HIDALGO DISTRIBUTING CO., Inc. v. SAFEWAY STORES, Inc.
### No. 11730.

Court of Civil Appeals of Texas.
San Antonio.
July 16, 1947.

E. A. McDaniel, of McAllen, for appellant.

Greer, Cox & Patterson, of McAllen, for appellee.

MURRAY, Justice.

This suit was instituted by Safeway Stores, Inc., against Hidalgo Distributing Company, a private corporation, seeking to recover the sum of $338.15, alleged to have been paid to defendant by plaintiff through oversight or inadvertence. The sum was the amount of freight on two railroad box cars of pineapples shipped from Brownsville, Texas, to Dallas, Texas.

The trial was before the court without the intervention of a jury and resulted in judgment in plaintiff's favor for the sum of $338.15.

Hidalgo Distributing Company has prosecuted this appeal.

The controversy arose in this way: Appellant sold the two cars of pineapples, containing 770 dozen pineapples, to appellee at $5 per dozen and the freight was to be ultimately paid by appellant. Appellee contended that there was an agreement that it need not pay for any pineapples that were unsalable, and that there were 114½ dozen unsalable. Appellant denied that any such agreement was made.

Appellee paid the freight on the two cars, intending to deduct the amount thereof when it remitted for the purchase price of the pineapples, but forgot to do so. According to appellee, there were only 655½ dozen pineapples which were salable and at $5 per dozen the amount would be $3,277.50. A check for this amount was mailed to appellant and the matter of deducting the sum of $338.15 for the freight was overlooked. It is for this $338.15 that appellee recovered judgment. According to appellant's contention there was no agreement that appellee need not pay for unsalable pineapples and that the purchase price was 770 dozen at $5 per dozen, amounting to $3,850, from which the freight could properly be deducted, leaving the amount due $3,511.85, which was $234.35 more than the amount of the check sent in payment of the two cars of pineapples.

■ Appellant contends that there was a variance between the contract pleaded and the one proved as to the right not to pay for unsalable pineapples. We have examined the pleadings and deem them sufficient to plead the contract which was proved, but if there was a defect of pleading it is taken care of by the provisions of Rule 67, Texas Rules Civil Procedure; Bednarz v. State, 142 Tex. 138, 176 S.W. 2d 562.

Appellant further contends that the proof was insufficient to sustain the implied finding of the trial court that 114½ dozen of the pineapples were unsalable. We have examined the evidence and find it sufficient to sustain this implied finding.

The judgment of the trial court is affirmed.