MURCHISON et al. v. POST INDEPEND-
ENT SCHOOL DIST. et al.

No. 6302.

Court of Civil Appeals of Texas. Amarillo.

May 4, 1953.

Rehearing Denied May 25, 1953.

Mays & Lea, Dallas, Carl Rountree, Lamesa, Gilmore & Hubbard, Houston, for appellants.

Shirley W. Peters, Dallas, for appellees.

MARTIN, Justice.

Appellees, Post Independent School District, Garza County, Texas, Road District No. 2 of Garza County, Texas and State of Texas were granted a summary judgment for taxes in the amount of $10,395.53 and also a foreclosure of lien on certain mineral interests in Garza County as against appellants, Herman Brown, George Brown, Clint Murchison, Jr., John Dabney Murchison, J. C. Karcher, Morris G. Spencer, J. Paul Karcher, D. J. Stone, Mrs. Coleen M. Stone, The Howard Corporation, Murchison Trust, River Bed Oil Corporation, G. M. B. Oil Corporation and Republic National Bank of Dallas, Texas.

■ Under the law governing the entry of summary judgments, this appeal is not concerned with the merits of the respective contentions of the parties but with the sole issue of whether the record reveals there is no genuine issue as to any material fact. If the record reveals a material issue of fact to be determined, appellees were not entitled to a summary judgment under the provisions of Rule 166-A, Vernon's Texas Rules of Civil Procedure. "The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. * * * all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment." Gulbenkian v. Penn, Tex.Sup., 252 S.W.2d 929, syls. 1, 3. Under the rules as defined by the Supreme Court in the above cited case, the record will be examined under appellants' three points of error asserting that the trial court erred in rendering a summary judgment against the appellants.

■ It must first be noted that no answer was filed in the cause. The transcript reveals an answer filed in the cause bearing the correct file number but the style of the cause is shown as "Southland Independent School District et al vs. Clint Murchison, Jr. et al." No agreement is shown in the transcript authorizing the use of the above styled answer in this cause. But, in view of the fact that the parties joined issue on all material questions in the procedure for summary judgment, the failure to file an answer is not material under the ruling of the Supreme Court in Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562. Further, in view of the fact that the principal contention raised in appellees' brief concerns issues as to the pleadings in the cause, attention is called to the above decision on the entire issue of pleading. The pleadings in the cause are sufficient but since the parties by both pleadings and evidentiary matters have joined issue in the cause on all material points and tried the issues out fully under the procedure as to summary judgment any defects as to pleading are not material here. Rule 67, Vernon's Texas Rules of Civil Procedure; Bednarz v. State, supra; Strong v. Garrett, 148 Tex. 265, 224 S.W.2d 471, syl. 16.

■ Appellants' First and Second Points assert the trial court erred in entering summary judgment for appellees be-

cause "genuine and material issues of fact were raised, both by the pleading and affidavits on file." On such issue, appellees correctly state in their brief that the findings of the Board of Equalization may be collaterally attacked where such findings were "3. Not in the honest exercise of its discretion; (a) because it intended not to use its sound discretion, but to act arbitrarily, or (b) because it had adopted a system or scheme of fundamentally wrong formula which would preclude it from exercising its honest discretion (in which event the intent may be implied) resulting in an injury to complainant." These principles as stated by appellees find authority in Druesdow v. Baker, Tex.Com.App., 229 S.W. 493, syl. 1. Appellees further correctly agree in their brief with the proposition expressed by appellants that the principle expressed in Bell v. Turkey Independent School District, Tex.Civ.App., 214 S.W.2d 834, and like authorities, that a tender of a part of the taxes as sued for waives irregularities in the proceedings of the board of equalization, does not establish the rule that such a tender of part of the taxes would effect a waiver of "the appellants' fundamental constitutional right to contest the excessive value and to show that the taxes were not equal and uniform." This proposition, in which the parties are in agreement, is a correct summary as to the limitations on the rulings of the various courts on the issue as to the legal effect of a tender of a part of the taxes in litigation. Appellees further admit in their brief that appellants raised the following contentions in this cause: "(a) the asserted assessments were the result of a formula or scheme which resulted in discrimination against the appellants; and (b) that the values placed on the properties of the respective appellants are excessive and are at a greater percentage of the reasonable cash value than other properties generally were assessed in the respective taxing units." In addition to such admissions by appellees, the record discloses that appellants further raised the issue that the valuation as adopted by the equalization board was one fixed solely on the recommendation of the hired county engineer without regard to any other testimony offered in the hearing.

A brief summary of the pleadings and proof offered by the appellants in the proceedings as to summary judgment reveals that they submitted the affidavit of an expert who swore that the value of the appellants' property was fixed solely upon the recommendation of the appellees' hired county engineer and without any regard to values or any other evidence. Expert testimony as to values was offered through affidavit by appellants and is as follows: "The total 100% value of all of the minerals in the Garza field, Garza County, Texas as of January 1, 1951, was less than $10,000,000. The value used by the Boards of Equalization in the tax units involved in these lawsuits, was approximately $28,000,000. The working interest or leasehold estate in the proven petroleum reserves in the Garza field, being the oil in place attributable to the seven-eighths leasehold interest, has a true and actual value of not more than $1 per barrel. The respective Boards of Equalization determined a value for such reserves of approximately $2.80 per barrel as the value of the oil in place and this in spite of the fact that on January 1, 1951, the actual sales price of crude oil delivered to the pipe lines was the sum of $2.44 per barrel." The affidavit of the appellants' expert further reveals the following statement: "that while the Boards of Equalization stated that all property in Garza County, Texas, and in the other taxing units except the school district would be assessed fairly and uniformly, on the basis of twenty-five per cent of the actual value of such property, nevertheless, the property involved in these lawsuits was assessed for ad valorem tax purposes by the plaintiffs, on the basis of from thirty-five to forty-two and one-half per cent of values arbitrarily placed upon such properties. Based upon sales of properties during the last six months of the year 1950, properties other than those involved in these lawsuits, were assessed at approximately 16% of the actual market value as determined by such actual bona fide sales, and based upon the same formula, the properties involved in these lawsuits were as-

sessed upon the basis of 33.5% of their market value. A greater disparity existed in the school taxes."

It is recognized that the above issues were controverted by appellees in part, at least. But, there is no duty on the trial court or on the appellate court to resolve the issue as to which party shall prevail in the contest by affidavit. The record as brought up on this appeal reveals there is a genuine issue as to material facts in the cause. "Taxation shall be equal and uniform." Art. 8, Sect. 1, Constitution of Texas Vernon's Ann.St.; Rule 166–A, Vernon's Texas Rules of Civil Procedure; Bednarz v. State, supra; Rowland v. City of Tyler, Tex.Com.App., 5 S.W.2d 756; Simkins v. City of Corsicana, Tex.Civ.App., 86 S.W.2d 792; Whelan v. State, Tex.Civ. App., 252 S.W.2d 271; Town of Pleasanton v. Vance, Tex.Com.App., 277 S.W. 89. Appellants' first and second points are sustained.

Under the above ruling, appellants' third point is not material to a final ruling in the cause. Appellants' third point asserts the trial court erred in "rendering a summary judgment against appellants because appellees did not show themselves entitled to judgment as a matter of law." Appellants' third point of error raises the issue that neither the tax rolls for the years involved, nor the delinquent tax rolls were offered in evidence and that therefore appellees had not made out a prima facie case under the provisions of Art. 7336, Vernon's Annotated Texas Civil Statutes, which makes the production of such rolls prima facie evidence of the true and correct amount of taxes and costs. Appellees answer this point by asserting that they were not required to produce the tax rolls under the provisions of Art. 7336, since this was a summary judgment procedure and they could therefore prove the tax rolls by affidavit. It does not appear to be a sound proposition of law that under the procedure as to summary judgment a party may prevail on issues made out merely by affidavit when on the trial of the cause on its merits the statute provides for production of the rolls as to making out a prima facie case. It cannot be the purpose of the provisions of the rule as to summary judgment to dispense with the proof required to make out a prima facie case, at least, and to extend to the parties to litigation a more liberal procedure for obtaining a summary judgment than might be had as to a final judgment on a trial of the cause on its merits. Since the cause is remanded for a trial on the merits, it is assumed that the statutory procedure will be followed as to making out a prima facie case in the cause if dictated by the trial procedure.

The judgment of the trial court is reversed and the cause is remanded for a trial on its merits.