**NORTH PENN GLASS & MIRROR CO.**

v.

**POWELL.**

No. 12686.

Court of Civil Appeals of Texas.

San Antonio.

May 12, 1954.

Joseph B. Dibrell, Seguin, for appellant.

Robert E. Houssiere and Elbert R. Jandt, Seguin, for appellee.

POPE, Justice.

Plaintiff, North Penn Glass and Mirror Company, instituted this suit against Sophie Powell, individually and as guardian of the estate of Rose Renee Powell, a minor, for a debt claimed to be due on an open account created by A. S. Powell, her deceased husband. Defendants assert many defenses, but the judgment for the defendants recites that the court based its decision on a plea to the jurisdiction of the trial court, because the suit was a claim within four years from the death of A. S. Powell, and the probate court had jurisdiction of the subject matter. Since we have no statement of facts, we must presume that the evidence was in support of the facts recited in the judgment. The judgment states that all parties were before the court, that the case was heard upon certain undisputed facts, that no administration has been had in the probate court of Guadalupe County, that the probate court has jurisdiction over the estate of A. S. Powell, deceased, and that a necessity exists for such an administration; that four years have not elapsed since the death of A. S. Powell; that a partition between Sophie Powell, individually, and Rose Powell, a minor, was attempted by the probate court, but that the attempted partition was void and a nullity, and that the estate is still under the sole jurisdiction of the probate court.

Appellant's sole point is that the defendants partitioned the estate between themselves, which entitled it to proceed directly against the defendants. Appellant relies upon Byrd v. Ellis, Tex.Civ.App., 35 S.W. 1070, and Patterson v. Allen, 50 Tex. 23. The point assumes that there was a partition, but the defendants deny that there has been a partition, and the trial court has entered a judgment upholding their contention that the attempted partition is void. If the trial court was in er-

478

ror in holding that the attempted partition was null and void, we have nothing before us to demonstrate the error. For the reasons stated in Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, in the absence of a statement of facts, we must presume that the issues were tried without objection and that the evidence supports the trial court's judgment. Rules 67 and 90, T. R.C.P.

The judgment is affirmed.