Robert M. CURRY, Appellant,

v.

Patrick FARABAUGH et ux., Appellees.

No. 4667.

Court of Civil Appeals of Texas.

Waco.

Dec. 14, 1967.

J. Alex Blakeley, Rae Ann Fichtner, Dallas, for appellant.

Matthews & Matthews, Arthur G. Schroeder, Jr., Dallas, for appellees.

OPINION

WILSON, Justice.

The problems in this case arise because defendant-appellant's appeal is upon a transcript only, without a statement of facts.

Plaintiffs sued defendant for damages alleging in general terms that defendant fraudulently induced plaintiffs to assume payment of a debt to avoid impression of a mechanic's lien on a residence building being constructed by defendant for plaintiff,

and that defendant executed a promissory note representing the debt. Plaintiff prayed for judgment in the amount of the note and for exemplary damages. Judgment was rendered in the amount of the debt.

Defendant pleaded as a defense a discharge in bankruptcy. He now urges that plaintiffs' pleading does not allege facts which constitute the essential elements of fraud to support the judgment, or which would establish the debt as one not affected by discharge under the Bankruptcy Act.[1]

■ For the purpose of decision we assume, without deciding, that the pleading is insufficient in the respect now asserted, as not alleging all the elements constituting the statutory exception.

There was no special exception or other attack on the pleadings in the trial court. Rule 90, Texas Rules of Civil Procedure, provides that defects, omissions and faults in pleading, of form or substance, not brought to the trial court's attention as therein provided, shall be deemed waived.

The judgment for plaintiff in the amount of the debt recites that the court, after hearing evidence, finds defendant "is guilty of the fraudulent conduct perpetrated upon the plaintiffs as alleged" in plaintiffs' pleading. No formal findings of fact or conclusions of law were filed or requested.

■ In the absence of a statement of facts it will be presumed the evidence introduced supports the judgment. Thompson v. Republic Acceptance Corp. (Tex.Sup., 1965) 388 S.W.2d 404.

■ It will also be presumed the court found such facts as are necessary to support the judgment. Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363.

■ Appellant insists that since the judgment recites the trial court found that defendant is guilty of the fraudulent conduct alleged in plaintiffs' pleading, the presumption (from absence of a statement of facts) is limited to this recital as a basis for judgment. The rule is otherwise. In Graham Nat. Bank v. Beavers (Tex.Com. App.1927) 290 S.W. 529, the trial court's judgment in a non-jury case recited that the court found the description in a mortgage was insufficient to give notice, and defendant had no actual notice. As here, there were no formal findings. The court noted the judgment did not show it was rendered solely on the ground of invalidity of the mortgage. Judge Speer wrote for the Commission of Appeals:

"The possible inference that the trial court decided the case upon the sole issue of the insufficiency of the mortgages should not be indulged to destroy the more general inference of an implied finding upon every material issue submitted."

In our opinion, in the absense of a statement of facts, it will be presumed also that the issue of fraud such as to constitute an exception to the effect of discharge in bankruptcy was tried by implied consent under Rule 67, Texas Rules of Civil Procedure. Restelle v. Williford, Tex.Civ.App., 364 S.W.2d 444, writ ref. n.r.e. See Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Gadd v. Lynch, Tex.Civ. App., 258 S.W.2d 168, writ ref.

■ Neither party refers to or briefs the effect of Rule 299, Texas Rules of Civil Procedure on the questions involved.

---

1. 11 U.S.C.A. Sec. 35: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allow- able in full or in part, except such as * * * were created by his fraud * * *."

Even if plaintiffs' pleading did not contain all the elements or allegations of fact necessary to compose a complete ground of recovery as against the defense of bankruptcy discharge, it did contain allegations of some of such elements, existence of which the judgment recites the court found. Rule 299 provides that where one or more elements of a ground of recovery consisting of multiple elements are found, "omitted unrequested elements, where supported by the evidence, will be supplied by presumption in support of the judgment." Here, in the absence of a statement of facts or any request for findings, the presumption supports the judgment.

In Bednarz v. State (1943) 142 Tex. 138, 176 S.W.2d 562, 563, where no statement of facts was filed, Chief Justice Alexander wrote: " * * * if any additional findings were needed, under Rule 299 all omitted findings necessary to support the judgment will be supplied by presumption in support of the judgment."

The judgment is affirmed.