**L. L. McGUIRE, Appellant,**

v.

**Walter ROGERS et ux., et al., Appellees.**

No. 4819.

Court of Civil Appeals of Texas.

Waco.

June 26, 1969.

L. L. McGuire, pro se.

L. D. Rogers, pro se.

---

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff McGuire from a partially adverse judgment, in a suit for rent and damages.

Plaintiff McGuire sued Walter Rogers and wife Viola, and L. D. and Stanley Rogers, (brother and nephew of Walter) for $399.14 rent and damages. Plaintiff alleged he rented a house and 30 acres of land to Walter and Viola Rogers at a monthly rental of $200; that Walter and Viola Rogers entered the contract for themselves "and as agents and representatives of Stanley Rogers and L. D. Rogers"; that

the rent was paid until October 15, 1968; that defendants moved out on November 8, 1968 (owing $300. rent) ; owing an electric bill of $34.14; and that plaintiff was damaged $65. for cleanup and repair.

L. D. Rogers filed a general denial; Walter, Viola and Stanley Rogers filed no answer.

Trial was before the court without a jury. Plaintiff and defendants (except Viola) were present and participated in the trial.

The trial court rendered judgment for plaintiff against Walter and Viola Rogers for $233.28; and decreed that plaintiff take nothing as to L. D. and Stanley Rogers. (The trial court found that the actual rental contract was for $100. per 2 weeks, and rendered judgment for $200. rent, and $33.28 electric bill, and denied recovery for the $65. cleanup and repair).

Plaintiff appeals, seeking reversal and remand, on 7 points, contending among other things:

"As to Walter, Viola and Stanley Rogers, all of whom filed no written pleading, the trial court erred in not finding and entering judgment on all issues (amount of damages excepted) in conformity with plaintiff's petition."

Plaintiff asserts he having plead that he rented the property to Walter and Viola Rogers "at a monthly rental of $200."; and that they acted for themselves "and as agents for Stanley and L. D. Rogers"; and that since he was paid no rent from October 15, and that defendants vacated the premises on November 8, that he was entitled to judgment for $300. rent against the non-answering defendants. Plaintiff further asserts the finding of the trial court that he was not entitled to the $65. for cleanup and damages is against the great weight and preponderance of the evidence.

The trial court filed findings of fact (finding among other matters) : "Plain-tiff, after all parties present at trial announced ready, called the courts attention to Walter D. and Stanley's failure to file a written answer, and objected to their taking any part in the trial except as witnesses, which objection was overruled by the court, and plaintiff excepted. In his final argument plaintiff again called the court's attention to the failure of defendants except L. D. Rogers, to file an answer. *Plaintiff at no time waived said failure either expressly or by implication, or agreed his petition be not accepted as admitted where not denied in writing, or in any way agreed to trial of any issue not made by written pleading."*

■ Material allegations of fact in a plaintiff's petition which are not denied by some proper pleading are taken as admitted by defendant. Brill v. Guaranty State Bank, Tex.Com.App., 280 S.W. 537. A plaintiff may however waive the filing of an answer and try the issues by express or implied consent. Rules 67 and 90, Texas Rules of Civil Procedure; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562. But such is not the situation here.

■■ The rental contract on the $200. per month basis, and the agency of Walter and Viola for Stanley were thus admitted by their failure to file an answer. We think there is ample evidence to sustain the trial court's finding of no damages for cleanup or repair.

Plaintiff's contention is sustained.

The judgment is reversed and cause remanded as to Walter, Viola and Stanley Rogers, and all parties are given an opportunity to file such pleadings or additional pleadings as they see fit. Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688. The judgment is affirmed as to L. D. Rogers.

Costs of appeal are assessed ½ against Walter, Viola, and Stanley Rogers, and ½ against McGuire.

Affirmed in part; reversed and remanded in part.