The NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,

v.

Loyree GREEN, Appellee.

No. 5116.

Court of Civil Appeals of Texas, Waco.

Feb. 29, 1972.

Elliott & Nall, Sherman, for appellant.

Kennedy & Minshew, Sherman, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from a judgment for plaintiff beneficiary, in a suit on a life insurance policy. Such judgment was rendered for plaintiff after the trial court overruled defendant's motion for instructed verdict; and sustained plaintiff's motion to withdraw case from jury and enter judgment for plaintiff. Plaintiff Green, beneficiary of Lewis Green, deceased, sued defendant Insurance Company for $5000., penalty, and attorney's fees, on a policy issued on the life of Lewis Green. Prior to trial defendant paid plaintiff $3000. which left $2000. in controversy.

The policy provided $1000. for death of the insured; $2000. additional if insured killed in an accident; and $4000. (in lieu of the $2000.) if insured killed in an automobile accident, "other than * * * in willful violation of any traffic law * * *."

Trial was to a jury. At the conclusion of plaintiff's evidence, defendant offered no evidence, but moved for instructed verdict, which the trial court overruled. The trial court then sustained plaintiff's motion to withdraw case from the jury and render judgment for plaintiff.

The trial court rendered judgment for plaintiff for $2000., penalty and attorney's fees (which were stipulated by the parties).

Defendant appeals on 2 points:

1) The trial court erred in not granting motion of defendant for instructed verdict.

2) The trial court erred in withdrawing the case from the jury and rendering judgment for plaintiff.

Plaintiff in her petition plead the insurance policy, the death of the insured, that plaintiff was the beneficiary, had filed proof of death, and that defendant refused to pay policy. (As noted, prior to trial, defendant paid $3000., leaving only in controversy the vehicle accident benefits).

Defendant in its answer plead the exception in the policy that the insured was "in willful violation of the traffic law", in that insured "at the time of his death * * * was driving * * * while under the influence of intoxicating liquors", and was "operating his automobile while intoxicated."

On the trial plaintiff proved the policy, the death of the insured in an automobile accident, notice of claim, proof of loss, and the failure of defendant to pay automobile accident benefits. Plaintiff further proved by the witness White, that he saw deceased approximately 2 hours before his death, and that he was not drinking at that time and was sober. White further testified he had known deceased 5 years, and that deceased did not have a reputation as a drinker or as a drunk. Defendant offered no evidence.

Defendant asserts that after it filed its answer, pleading the exception to the policy, that plaintiff was required to file additional pleading negating defendant's pleading, and further was required to prove that deceased was not intoxicated at the time of the accident.

Prior to the adoption of Rule 94 Texas Rules Civil Procedure, a plaintiff suing on an insurance policy was required to *allege and prove* that his cause of action did not come within the exceptions and exclusions of the policy.

Rule 94 provides:

"* * * Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general lia-

bility; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists."

■ There is no requirement in Rule 94 that after defendant pleads the policy exceptions, that a plaintiff must file additional pleading negating defendant's pleading. And Shaver v. National Title and Abstract Co., et al., Tex., 361 S.W.2d 867; Sherman v. Provident American Ins. Co., Tex., 421 S.W.2d 652, and Hardware Dealers Mut. Ins. Co. v. Berglund, Tex., 393 S.W.2d 309, interpreting Rule 94, make no such requirement. See also Subcommittee Interpretative Comment, Rule 94, Vol. 1, p. 512, VTAR. In any event insufficiency of pleadings cannot be raised for the first time in the appellate courts, and such are construed in support of the judgment. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513; Sherman v. Provident American Ins. Co., S.Ct., supra; Rule 90 TRCP.

■ Under Rule 94, plaintiff did have the burden of producing evidence to demonstrate that her loss was not attributable to the excluded hazard plead by the insurance company. Plaintiff thus had the burden to prove that the insured was not intoxicated at the time of the accident. Plaintiff produced evidence the deceased was not drinking two hours before the accident and was sober at that time. This is some evidence that deceased was not intoxicated at the time of the accident. Defendant offered no evidence. This did not relieve plaintiff of proving that deceased was not intoxicated, but it did increase the force of plaintiff's evidence. Lindsey v. State, Tex.Civ.App., 194 S.W.2d 413; Galloway v. Nichols, Tex.Civ.App., 269 S.W.2d 850; Dunn v. Johnson, Tex.Civ.App., 274 S.W.2d 108; Moss v. Sherwin, Tex.Civ.App., 328 S.W.2d 816.

Defendant's points and contentions are overruled.

Affirmed.