**Vine Ella WATSON et vir, Appellants,**

v.

**GENERAL MOTORS CORPORATION,**
Appellee.

No. 15896.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 6, 1972.

Joe W. Steelman, Houston, for appellants.

Vinson, Elkins, Searls & Smith, B. Jeff Crane, Jr., Houston, for appellee.

COLEMAN, Justice.

This is a suit for damages. The trial court sustained appellee's plea in abatement and dismissed the action against appellee.

The order of dismissal states:

"That the Order of Dismissal of Defendant General Motors Corporation heretofore entered by the Court on February 11, 1970, in this cause is a final and valid judgment and this Court has no further jurisdiction of said cause as to Defendant General Motors Corporation;

"It is, therefore, ORDERED, ADJUDGED, AND DECREED that said Plea in Abatement of Defendant General Motors Corporation is hereby in all things sustained and said suit as to the said General Motors Corporation is hereby in all things again dismissed."

The judgment sustained appellee's plea in abatement for the reason that by a previous order in the same case the court had dismissed appellee. The order dismissing appellee, entered February 11, 1970, sustained appellee's position that appellants' petition showed on its face that the cause of action asserted against appellee was barred by the Statute of Limitations. Appellants' petition shows that they also sued Frank Gillman Pontiac. There is nothing in the record to show that this cause of action was severed from that asserted against appellee prior to the date on which the second judgment dismissing appellee

was entered. The order of Februrary 11, 1970, was interlocutory, and the court retained jurisdiction to set it aside. Until an interlocutory judgment is set aside, it is valid and binding. It became final when the severance order was entered September 13, 1971.

■ Appellants made no motion to set aside the judgment of dismissal prior to filing their amended petition by which they again named appellee a defendant. Appellee's plea in abatement was based on the order of February 11, 1970, and also on the two year statute of limitations. The order of November 9, 1970, states that the plea in abatement "is hereby in all things sustained." In effect the trial court reaffirmed its previous order and refused to set it aside. Appellants have no point on this appeal complaining of this action.

The trial court's action in sustaining the plea in abatement by his order of November 9, 1970, may also be supported on the basis that the cause of action alleged in the Second Amended Original Petition was barred by the applicable statute of limitations.

■ No findings of fact were requested or filed. There is no statement of facts. Appellants have alleged facts showing their cause of action barred by the two year statute of limitations, Art. 5526, Vernon's Ann.Civ.St. They also alleged facts which would bring them within Art. 5539a, V.A.C.S., and would defeat the plea of limitations. The judgment recites that evidence was considered. The attorney for appellants asserts that no evidence was presented at the hearing on the motion. While we consider the recital in the judgment binding on this court, whether testimony was heard or not the judgment must be affirmed.

If evidence was introduced and considered by the court, this court must presume that the evidence supported the judgment. Curry v. Farabaugh, 422 S.W.2d 838 (Tex.Civ.App.—Waco 1967); Roye v. Sil-ver Dollar Financing, Inc., 432 S.W.2d 123 (Tex.Civ.App., Ft. Worth 1968).

■ If, in fact, no evidence was introduced at the hearing, the trial court judicially knew the pleadings in the case. The pleadings establish that the action was barred by Article 5526, supra. The burden of proving the facts relied on to bring the case within Art. 5539a, supra, rested on appellants. It was necessary that appellants prove that within the limitation period a suit was filed; that this suit was dismissed because of a want of jurisdiction in the court in which it was filed; that within sixty days after such dismissal became final the action was commenced in a court of proper jurisdiction. Appellants alleged that suit was filed in the United States District Court for the Southern District of Texas within the limitation period and was subsequently dismissed for want of jurisdiction of that court; and they also alleged that this suit was filed within sixty days of such dismissal. It was necessary that appellants introduce evidence in support of these allegations. Thomas v. Shult, 448 S.W.2d 536 (Tex.Civ.App.—Houston, 1st, 1969); Curry v. Farabaugh, supra; California Chemical Company v. Sasser, 423 S.W.2d 347 (Tex.Civ.App.—Corpus Christi 1967); Binge v. Gulf Coast Orchards Co., 93 S.W.2d 813 (Tex.Civ.App.—San Antonio 1936, writ dism'd).

We call attention to the following comment of our Supreme Court:

"Actually, none of the pleas were properly pleas in abatement, but rather pleas in bar, since they all went to the merits and necessarily involved a final disposition of the case against the petitioner-plaintiff, Kelley, if sustained. As pointed out in McDonald, Texas Civil Practice (Vol. 2, Sec. 7.16, p. 634) and in decisions such as Zarsky v. Moss, Tex.Civ.App., 193 S.W.2d 245, no wr. of er. history, defenses 'in bar' are not the proper subject matter of disposition on mere preliminary hearing before the court like pleas in abatement, although a

speedy and final judgment may be obtained on the basis of matters in bar and without the formality of a trial on the merits, if the parties so agree or if recourse is had to the process of summary judgment where contested fact issues are not present. The practice of misnaming a plea in bar in order to procure a preliminary trial as if the plea were one in abatement is confusing and not to be encouraged."

Kelley v. Bluff Creek Oil Company, 158 Tex. 180, 309 S.W.2d 208 (1958).

The judgment is affirmed.