**Robert HAINSWORTH, Appellant,**

v.

**Weldon BERRY et al., Appellees.**

No. 15949.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Sept. 21, 1972.

Rehearing Denied Oct. 19, 1972.

Robert W. Hainsworth, Houston, for appellant.

Weldon H. Berry, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from an order denying a temporary injunction. Appellant, in his capacity as a member of an incorporated church and in behalf of other members of the church, brought suit against the minister of the church and the trustees of the corporation to enjoin them "from planning and taking any action looking toward or proceeding to relocate the congregation of the Antioch Baptist Church, based on the vote on the motion at the meeting on July 8, 1971."

The appellees filed no answer to this suit, but appeared by attorney and participated in the hearing. Appellant made no objection in the trial court to the failure of the defendants to file an answer, and has made none here. He contends, however, that since no answer was filed denying the allegations of his petition, the facts alleged must be taken as true.

The failure to object to the absence of an answer at the trial level prevents the successful contention on appeal that the pleadings were insufficient to join issue as to those matters of facts contested

upon the trial. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1943).

■ The facts alleged in the plaintiff's petition, which were not controverted at the trial must be taken as true. Nagy v. Bennett, 24 S.W.2d 778 (Tex.Civ.App.—Galveston 1930, err. ref.); McGuire v. Rogers, 443 S.W.2d 619 (Tex.Civ.App.—Waco 1969); American Smelting & Refining Company v. Ridgway, 412 S.W.2d 675 (Tex. Civ.App.—Houston, 1st, 1967, error ref., n. r. e.).

A meeting of the church was properly called for the purpose of deciding whether the congregation would remain at its present site or whether it would relocate. The vote taken resulted in favor of relocating. Appellant opposed relocating the congregation. It is his basic contention that the injunction should have been granted because the meeting was not conducted in accordance with Robert's Rules of Order in that he and all other members were not permitted to speak to the proposition two times for ten minutes each time and that a motion calling for the previous question was ignored. The testimony developed without dispute that the charter and by-laws of the corporation provide that meetings of the church would be governed by Hiscox's New Baptist Directory, and the question became whether that publication required compliance with Robert's Rules of Order. There was testimony that it did not. The New Baptist Directory was not placed in evidence.

■ There was no evidence to establish irreparable injury to appellant in the event the injunction was denied. While appellant alleged in his petition the conclusion that he would suffer such an injury, no facts are alleged which would support the conclusion. The nature of the property right which appellant seeks to protect is not disclosed either in his pleading or by the evidence. Appellant has failed to present a case of probable right and probable injury. See City of Houston v. Shober, 362

S.W.2d 886 (Tex.Civ.App.—Texarkana 1962, err. ref., n. r. e.).

The order of the trial court refusing to grant a temporary injunction will not be disturbed on appeal unless a clear abuse of discretion appears. Southwest Weather Research, Inc. v. Duncan, 160 Tex. 104, 327 S.W.2d 417 (1959).

Affirmed.