**SUN EXPLORATION AND PRODUCTION COMPANY, Appellant,**

v.

**Lynda BENTON, Appellee.**

**No. 10–85–190–CV.**

Court of Appeals of Texas,
Waco.

April 24, 1986.
Rehearing Denied May 22, 1986.

Dawn M. Pate, Davis, Durham, Durham & Park, Huntsville, for appellant.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, W.A. Keils, Keils & Fulcher, Teague, for appellee.

## OPINION

THOMAS, Justice.

Sun Exploration and Production Company, the successor in interest of Sun Oil Company and formerly known as Sun Gas Company, appeals from a judgment in favor of Lynda Benton. Benton sued Sun Exploration, Sun Oil and Sun Gas after Sun Exploration had recorded an oil and gas lease, which it had obtained from her, but refused to honor a $16,875.00 draft, which it had given her for the lease. Among other theories, she alleged that Sun Exploration had violated the Deceptive Trade Practices Act (DTPA). *See* Tex.Bus. & Com.Code Ann. §§ 17.41—17.63 (Vernon 1968 and Vernon Pamph.Supp.1986). Sun Exploration contends that the lease and draft constituted the contract between the parties and that a provision in the draft, which allowed it to approve Benton's title, was a condition precedent to its liability on the draft. It also contended in a cross-action that Benton had breached an express warranty of title and a covenant of seisin and that she was liable for damages because her suit under the DTPA was groundless and brought in bad faith or for the purpose of harassment. Following a trial without a jury, the court entered a judgment that Sun Exploration take nothing on its cross-actions and that Benton recover from Sun Exploration the sum of $16,875.00 plus interest and attorney's fees. We affirm.

Shortly before Thanksgiving in 1982, Robert Gabriel contacted W.A. Keils, Jr., Benton's attorney, and inquired whether Benton would execute an oil and gas lease to Sun Exploration on 183.5 acres in the Y'Barbo Survey.[1] Gabriel testified that

Sun Exploration had already acquired a lease from Kenneth Fulton, Benton's former husband, on the same tract before he approached Keils about acquiring a lease from Benton. He stated that Sun Exploration had referred to Benton's lease before he acquired it as a "protective" or "protection" lease and that the Company had authorized him to pay her a bonus of $200.00 an acre ($16,875.00) to obtain the lease. According to Keils, Gabriel told him that "their" records indicated that Benton owned 84 ⅜th acres in the 183.5-acre tract. Benton agreed to execute the lease, and Keils negotiated its final terms with Gabriel. On December 8, Gabriel mailed Keils a printed-form lease and a $16,875.00 draft payable to Benton. The draft contained the following provision: "15 days after sight and upon approval of title". After Benton signed the lease, Keils mailed the lease to Gabriel and deposited the draft for collection with a local bank. Gabriel filed the lease for recording on December 14, the lease was recorded on December 17 and Sun Exploration later refused to honor the draft on the last day of the 15-day period. Sun Exploration had not released its rights under Benton's lease prior to the trial.

Sun Exploration moved for a directed verdict on the ground that any contract between the parties consisted of the lease and the draft. It argued that the provision in the draft, "15 days after sight and upon approval of title", was a condition precedent to its liability on the draft and that Benton had notice of the condition precedent. Sun Exploration also sought a directed verdict on its cross-action for Benton's alleged breach of an express warranty of title and a covenant of seisin. The court denied these motions. However, the court announced that it would enter a judgment for Benton on the "contract", and it later entered a judgment awarding her a recovery against Sun Exploration of $18,955.27, which included $2,080.27 in interest

---

**1.** Sun Exploration admitted that Gabriel, an independent "landman", was acting as its agent during the transaction with Benton. Benton originally sued Gabriel but later dismissed him with prejudice from the suit.

on $16,875.00, and attorney's fees. The court also filed these pertinent findings of fact and conclusions of law:

### Findings

1. Gabriel was acting as Sun Exploration's agent in the transaction with Benton.

2. Sun Exploration authorized Gabriel to purchase the lease from Benton for $16,875.00.

3. Gabriel entered into an agreement with Benton to purchase the lease for an agreed bonus of $16,875.00.

4. Sun Exploration recorded the lease on December 14, 1982.

5. Sun Exploration "caused the draft to be returned unpaid" on December 28, 1982.

### Conclusions

1. Benton and Sun Exploration entered into a contract in which Sun Exploration "agreed to purchase" the lease from Benton for $16,875.00.

2. Sun Exploration breached the contract by accepting and recording the lease and then refusing to pay Benton the agreed consideration ($16,875.00) for the lease.

In point three, Sun Exploration alleges that Benton was not entitled to recover for the breach of a contract because she had not plead such a cause of action. When a party allows evidence to be admitted without objecting that it is not supported by any pleading, he waives any defect in the pleadings and tries by implied consent any issue raised by the evidence. *See Bednarz v. State,* 142 Tex. 138, 176 S.W.2d 562, 563 (1943); Tex.R.Civ.P. 90. Sun Exploration did not object to any of Benton's evidence based on any deficiency in her pleadings, and her evidence was factually sufficient to prove that Sun Exploration had breached a contract to purchase the lease. Therefore, point three is overruled because Benton's cause of action for the breach of a contract was tried by implied consent.

In its first two points of error, Sun Exploration alleges that the court erred when it refused to grant it a directed verdict on Benton's cause of action for the breach of a contract. It argues that the court had to construe the lease and draft together as a contract to determine the intentions and rights of the parties and that the provision in the draft, "15 days after sight and upon approval of title", must be construed as a condition precedent to its liability on the draft. Sun Exploration argues that the evidence conclusively established that Benton did not own any interest in the property covered by her lease. Consequently, it contends that Benton could not recover on the draft because she had to prove that she could convey good and marketable title to the mineral estate covered by her lease.

Assuming, as Sun Exploration contends, that the lease and the draft must be construed together as a contract and that the provision in the draft was a condition precedent, a reversal is not required under the facts presented. A condition precedent may be waived. *Kennedy v. McMullen,* 39 S.W.2d 168, 174 (Tex.Civ. App.—Beaumont 1931, writ ref'd). Although Benton did not plead waiver, that issue was tried by implied consent. *See Texas Reserve Life Insurance Co. v. Security Title Co.,* 352 S.W.2d 347, 351 (Tex. Civ.App.—San Antonio 1961, writ ref'd n.r. e.). Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Massachusetts Bond. & Ins. Co. v. Orkin Exterm. Co.,* 416 S.W.2d 396, 401 (Tex. 1967). The waiver of a condition precedent may be inferred from a party's conduct. *See Continental Bank & Trust Co. v. Hartman,* 129 S.W. 179, 181 (Tex.Civ.App. 1910, no writ).

Accepting and recording the lease was conduct inconsistent with Sun Exploration's asserted right to disapprove of Benton's title within the fifteen-day period and thereby avoid liability on the draft. Therefore, the probative evidence was sufficient to have supported a finding that Sun Exploration had waived the condition precedent

contained in the draft. When a court has made findings on one or more of the elements of a ground of recovery or an affirmative defense, omitted findings on elements which are supported by the evidence will be supplied on appeal by a presumption in support of the judgment. *Allied Building Credits, Inc. v. Grogan Bldrs. Sup. Co.*, 365 S.W.2d 692, 695 (Tex.Civ.App.— Houston 1963, writ ref'd n.r.e.). The court made all of the findings necessary to support a conclusion that Sun Exploration had waived the condition precedent in the draft, except a finding that it had intentionally relinquished its right to approve Benton's title when it recorded the lease. Consequently, such a finding, although not requested, must be supplied on appeal by a presumption in support of the judgment. *See id.* Points one and two are overruled.

■ Sun Exploration contends in points four and five that the court erred when it entered a take-nothing judgment on its cross-action for damages based on Benton's breach of an express warranty of title and a covenant of seisin. These points attack the legal sufficiency of the evidence. Essentially, Sun Exploration argues that the evidence established its cross-action as a matter of law, and thus the court erred when it entered a take-nothing judgment on the cross-action. When reviewing a "matter-of-law" point, an appellate court must consider all of the evidence. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981); Cornelius, *Appellate Review of Sufficiency of the Evidence Challenges In Civil and Criminal Cases*, 46 Tex.B.J. 439, 440 (1983). These points must be overruled for several reasons.

■ First, the evidence was factually sufficient to support an implied finding on appeal that Sun Exploration had intentionally waived the warranty of title and covenant of seisin by recording Benton's lease before the fifteen-day period had expired. Keils testified that he had notified Sun Exploration that Benton was claiming an interest in the 183.5-acre tract. Gabriel testified that Sun Exploration had already acquired from Kenneth Fulton a lease to

the same tract and that it had acquired Benton's lease as a "protection" lease. Sun Exploration had the right to obtain a lease from Benton, who was asserting an adverse claim to the 183.5-acre tract, to protect the title in its lease from Fulton. *See Shell Oil Co. v. Howth*, 138 Tex. 357, 159 S.W.2d 483, 490–91 (1942). A protection lease is a "quit claim lease, mainly in the form of an ordinary oil and gas lease, taken from a person who *may* have an interest in the land". 8 H. Williams & C. Meyers, *Oil and Gas Law* 698 (1984) (emphasis added). Sun Exploration's motive for obtaining a protection lease from Benton was the same as that described below:

In some instances where title is uncertain or in dispute or boundaries are not clear, a lessee of one claimant to land may find himself in a difficult situation. If he elects to proceed with drilling and producing operations, and the claim of his lessor is proved invalid, he may be subject to liability as a trespasser, ... or he may be liable for the destruction of speculative values, if his operations prove the land to be unproductive.... If he does not continue operations on the premises, he may be subject to liability in damages for breach of covenant, ... or he may lose the lease by operation of some clause of condition or limitation in the lease.... Under such circumstances, he may desire to secure a protection lease from the other claimant(s) to the premises, if such a lease is obtainable.

3 H. Williams, *Oil and Gas Law* § 697.4 (1985).

■ Based on the evidence, the court could have reasonably believed that Sun Exploration had acquired Benton's lease, despite its provision warranting the title, as a quit-claim lease. Consequently, the court could have reasonably believed that Sun Exploration was only interested in acquiring whatever right, title and interest that Benton might have had to the property covered by Fulton's lease and was willing to pay Benton $16,875.00 to protect itself from her adverse claim. Logically, a person who acquires a quit-claim lease should

not be able to complain that he has not acquired a perfect title. A breach of the warranty of title or covenant of seisin may be waived. *See Penney v. Woody,* 147 S.W. 872, 874 (Tex.Civ.App.—Amarillo 1912, no writ). Therefore, the court could have also reasonably believed that Sun Exploration had elected to waive its rights under the warranty of title and covenant of seisin and record Benton's lease to protect itself from her adverse claim.

The court did not expressly find or conclude that such a waiver had occurred. However, it did make all of the findings necessary to support such a conclusion, except a finding that Sun Exploration had intended to waive its rights under the warranty of title and covenant of seisin when it recorded Benton's lease. Under the circumstances, the omitted finding will be supplied on appeal by a presumption in support of the judgment. *Allied Building Credits, Inc.,* 365 S.W.2d at 695.

■ Points four and five must also be overruled for a second reason. To obtain a reversal of the take-nothing judgment on its cross-action, Sun Exploration must show that the evidence conclusively established all of the elements of its cause of action for the breach of an express warranty of title and a covenant of seisin. *See Glover,* 619 S.W.2d at 401. It attempted to prove that Benton had breached the express warranty of title and a covenant of seisin by showing that Kenneth Fulton, her former husband, held a superior title to the 183.5-acre tract. Assuming that Benton had breached an express warranty of title and a covenant of seisin, Sun Exploration could not recover unless it could show that it had been damaged by the breach. *See Sutherland v. Kirkland,* 134 S.W. 851, 854 (Tex.Civ.App. 1911, no writ). Under the circumstances, Sun Exploration could not show that it had been damaged by Benton's breach of the warranty of title and covenant of seisin. If Fulton had superior title, as Sun Exploration claimed, then Sun Exploration would have acquired that superior title under its lease from Fulton. Therefore, it would not have been damaged by Benton's inability to deliver a perfect title under her lease. For these reasons, points four and five are also overruled.

■ In its sixth point, Sun Exploration complains that the court erred when it admitted plaintiff's Exhibit No. 8 into evidence over an objection that the exhibit was irrelevant and immaterial. Because the case was tried by the court without a jury, a presumption exists that the court disregarded any inadmissible evidence when it entered its judgment. *Gillespie v. Gillespie,* 644 S.W.2d 449, 450 (Tex.1982). Therefore, point six is overruled.

■ Benton originally sued Sun Exploration ʻto recover actual and exemplary damages under the DTPA, but she later waived her claim for recovery under the DTPA. Sun Exploration alleged in a cross-action that Benton was liable for damages under section 17.50(c) of the DTPA because her suit was groundless and brought in bad faith or for the purpose of harassment. *See* Tex.Bus. & Com.Code Ann. § 17.50(c) (Vernon Pamph.Supp.1986). The court entered a take-nothing judgment on this cross-action, and Sun Exploration complains in points seven and eight that the court erred in this regard. These points attack the legal sufficiency of the evidence, and Sun Exploration essentially alleges that the evidence established its right of recovery as a matter of law. Section 17.-50(c) provides: "On a finding by the court that an action under this section was groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorney's fees and court costs." *Id.* This section required the trial court to examine Benton's intent. Ordinarily, whether or not a party acts in good faith is a question of fact, and in this instance the evidence did not conclusively establish that Benton acted in bad faith. Sitting as a fact-finder, the court could have reasonably resolved the fact issues against Sun Exploration on this issue. Accordingly, points seven and eight are overruled.

■ The court awarded Benton attorney's fees in the trial court and on appeal.

Sun Exploration contends in point nine that she was not entitled to recover any attorney's fees under article 2226. As discussed before, Benton's cause of action for the breach of a contract was tried by implied consent. Section 38.001(8) of the Civil Practice & Remedies Code, which is the codification of article 2226, expressly provides that a party may recover attorney's fees in a suit on an oral or written contract. Tex.Civ.Prac. & Rem.Code Ann. § 38.001(8) (Vernon Pamph.1986). Therefore, point nine is overruled.

■ Finally, in point ten, Sun Exploration contends that the court abused its discretion when it refused to grant a new trial based on newly discovered evidence. Sun Exploration's newly discovered evidence related to plaintiff's Exhibit No. 8, which the court admitted into evidence over an objection that it was irrelevant and immaterial. Assuming that the exhibit was inadmissible, a presumption exists that the court disregarded this exhibit. *See Gillespie,* 644 S.W.2d at 450. Therefore, the court did not abuse its discretion when it refused to grant a new trial based on newly discovered evidence relating to an exhibit which it had presumably disregarded. Point ten is overruled.

Affirmed.

